UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| MICHELLE C. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | DOCKET NO. 04-12301-RGS |
| ) | |
| BLOCKBUSTER, INC., and ) | |
| JAY WELLS, individually ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This suit in law and equity seeks redress for discrimination to which the plaintiff,

Michelle C. Thompson, an employee of the defendant Blockbuster, Inc. ("Blockbuster"

or the "Company"), was subjected with respect to Blockbuster's unlawful termination of

her employment due to her disclosure to company officials of her pregnancy and on the

basis of her sex, and as the result of unlawful acts by her supervisor Jay Wells who is

sued in his individual capacity.

### JURISDICTION

2.    This action arises under Title VII of the Civil Rights Act of 1964 codified at 42 U.S.C.

§2000(e) *et. seq*. and the statutory and common law of the Commonwealth of

Massachusetts, as hereinafter more fully appears.  All conditions to jurisdiction under

Title VII have been met.

## PARTIES

3.  Michelle C. Thompson was at all relevant times a resident of New Hampshire.  Ms. Thompson was employed by the defendant Blockbuster in the Commonwealth of Massachusetts.  Blockbuster regional offices are located at 441 Main Street, Waltham, Massachusetts, located in the Eastern Section of the District of Massachusetts.  All actions alleged in this Complaint occurred in the Massachusetts offices of Blockbuster in Waltham, Massachusetts, or at the home of Ms. Thompson in New Hampshire.

4.  Blockbuster, Inc. is a Delaware corporation licensed to do business in the Commonwealth of Massachusetts with its principal place of business at 1201 Elm Street, Dallas, Texas and a Massachusetts place of business located at 441 Main Street, Waltham, Massachusetts.

5.  Upon information and belief, Defendant Jay Wells is a resident of the State of Texas.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  The plaintiff filed a timely complaint with the Massachusetts Commission Against Discrimination ("MCAD") on April 14, 2003, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") (Exhibit A) on the same date.

7.  On December 17, 2004, the EEOC issued a Notice of Right to Sue.

8.  All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF FACTS

9.  The plaintiff is a former employee of Blockbuster who was terminated on October 14, 2002.

10. The plaintiff worked for the defendant for six years prior to her termination and at all times during her employment performed at or above expected performance levels, most

recently receiving the designation "exceeds expectations" at her last performance appraisal.

11.  The termination of the plaintiff closely followed her disclosure to company officials on or about September 18, 2002 of her pregnancy.  In fact, her termination occurred less than thirty (30) days after disclosure of her pregnancy to company officials.

12.  The pretext for the termination was an unfounded allegation against the plaintiff that she made certain derogatory statements regarding homosexuals at a cookout at the plaintiff's New Hampshire home.

13.  The plaintiff denies making any such statements and her denial is confirmed by persons who attended the event.

14.  Upon information and belief, a male of similar background and qualifications subsequently replaced the plaintiff in her position.

15.  The cookout at which the allegations of improper statements are alleged to have been made occurred at plaintiff's house on or about August 9, 2002, approximately five weeks before plaintiff's disclosure of her pregnancy to company officials.

16.  Although the incident that led to her termination occurred in August, the plaintiff was not made aware of the allegations until after she informed company officials of her pregnancy in September, and then not until the decision had been made by company officials to terminate her from her position.

17.  In fact, the plaintiff was never made aware of the allegations or the alleged "investigation"  until October 14, 2002, the date of her termination, and well over two months after the event at which they allegedly arose, but yet just weeks after informing the company of her pregnancy.

18.    After learning of the allegations, and of Ms. Thompson's pregnancy, the defendant, through Mr. Wells and Human Resources Director Beth Nybert, sought to terminate the plaintiff though neither had sought to confirm the allegations through credible sources, nor seek the plaintiff's version of events, nor hear from witnesses who would deny the allegations, nor conduct any meaningful investigation into the allegations.

19.    Plaintiff was not permitted to confront the individual who made the allegations.

20.    Plaintiff was not permitted the opportunity to rebut the allegations.

21.    Plaintiff was not permitted the opportunity to present witnesses who were prepared to rebut the allegations.

22.    Plaintiff was terminated without a hearing.

23.    Plaintiff was terminated without any fair and impartial investigation into the allegations.

24.    Plaintiff was terminated without any attempt by the company to confirm the allegations through credible sources.

25.    Plaintiff was terminated without any minimal procedure to insure that plaintiff was not the subject of a false allegation.

26.    The decision to terminate the plaintiff, allegedly for "violation of the zero tolerance policy," placed the plaintiff in a position far different from male employees who had been the subject of similar allegations, including several male employees who had been found to have violated the company's "zero tolerance policy" relating to sexual harassment.

27.    Upon information and belief, certain male employees accused of inappropriate sexual comments were permitted to remain with the company even after admitting having made the offending comments.

28.    The plaintiff in this matter has repeatedly and consistently denied making the comments

attributed to her by Blockbuster and defendant Wells, yet her "punishment" far exceeded other male employees accused of similar or worse offenses.

29.    In short, the unfounded allegations were a convenient pretext for the company's discrimination against the plaintiff based on plaintiff's disclosure of her pregnancy.

30.    In addition, had the plaintiff been male, and therefore not pregnant, termination would never have occurred under these circumstances, as has been the case prior to plaintiff's termination.

31.    Company officials knew or had reason to know that the allegations against the plaintiff were false, but consciously chose not to investigate the matter fully, fairly, or impartially so as to adopt a convenient pretext for and achieve their goal of firing a pregnant employee.

## COUNT ONE
(Discrimination 42 U.S.C. § 2000e-2)

32.    The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 as if fully stated herein.

33.    The plaintiff is a female who was pregnant at the time of her termination.

34.    The plaintiff performed her job well and at acceptable levels of performance throughout her career with the company.

35.    The defendants knew that the plaintiff was pregnant when they terminated her from the company.

36.    The plaintiff was replaced by a male with similar qualifications and background.

37.    The defendant discriminated against the plaintiff based on sex in violation of 42 U.S.C. § 2000e-2, based on the actions of their employees and supervisors involved in the termination of the plaintiff as set forth herein.

38.    As a result of these defendants' actions, the plaintiff suffered a loss of wages, benefits, reputation, and earning capacity as well as suffering emotional and physical pain and distress, and has incurred legal and medical costs.  All such damages continue to this date.

## COUNT TWO

(Discrimination M.G.L. c. 151B, §4)

39.    The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 38 as if fully stated herein.

40.    The plaintiff is a female who was pregnant at the time of her termination.

41.    The plaintiff performed her job well and at acceptable levels of performance throughout her career with the company.

42.    The defendants knew that the plaintiff was pregnant when they terminated her from the company.

43.    The plaintiff was replaced by a male with similar qualifications and background.

44.    The defendant discriminated against the plaintiff based on sex in violation of Massachusetts General Law, Chapter 151B, Section 4, based on the actions of their employees and supervisors involved in the termination of the plaintiff as set forth herein.

45.    As a result of these defendants' actions, the plaintiff suffered a loss of wages, benefits, reputation, and earning capacity as well as suffering emotional and physical pain and distress, and has incurred legal and medical costs.  All such damages continue to this date.

## COUNT THREE

(Intentional Infliction of Emotional Distress)

46.   The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 45 as if fully stated herein.

47.   The defendants' conduct, including but not limited to their refusal to permit the plaintiff an opportunity to defend herself against unfounded and untrue accusations, their secret investigation that was skewed to a certain result, and their cavalier dismissal of plaintiff's protestations of her innocence, constitutes conduct which is extreme and outrageous, which has caused the plaintiff severe emotional distress, in violation of the common law of Massachusetts.

48.   As a result of the defendants' actions, the plaintiff suffered a loss of wages, benefits, reputation, and earning capacity as well as suffering emotional and physical pain and distress, and has incurred legal and medical costs.  All such damages continue to this date.

## COUNT FOUR

(Breach of Contract)

49.   The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 48 as if fully stated herein.

50.   The defendants publish a handbook for employees that constitutes a contract.

51.   The defendants have a policy for resolution of complaints of improper conduct by an employee, including progressive discipline, which also constitutes a contract.

52.   The defendants breached these contracts by failing to adhere to their own policies and procedures.

53.   As a result of the defendants' actions, the plaintiff suffered a loss of wages, benefits,

reputation, and earning capacity as well as suffering emotional and physical pain and distress, and has incurred legal and medical costs.  All such damages continue to this date.

### COUNT FIVE
#### (Negligence)

54.    The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 53 as if fully stated herein.

55.    The defendants had a duty to properly train and supervise workers and supervisory personnel to handle properly allegations of improper conduct and to conduct a fair and impartial investigation into allegations so as to protect the rights of the parties, including employees who may be subject to false allegations.

56.    The defendants breached that duty by failing to train personnel on how to conduct a proper investigation.

57.    The defendant's breach of duty was the proximate cause of the injuries sustained by the plaintiff.

58.    As a result of the defendants' negligence, the plaintiff suffered a loss of wages, benefits, reputation, and earning capacity as well as suffering emotional and physical pain and distress, and has incurred legal and medical costs.  All such damages continue to this date.

**WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT ORDER:**

1.    that the plaintiff be compensated for any loss of wages and/or benefits incurred as a result of the unlawful acts;

2.    that the plaintiff be awarded an amount of money which will fairly compensate her for her emotional and physical pain and suffering and damage to her reputation and earning

capacity;

3.    that the defendants pay the plaintiff costs and attorney's fees resulting from this

action;

4.    that defendants pay the plaintiff interest on any judgment entered from the time of

the filing of this charge with the MCAD and EEOC;

5.    that the defendants be ordered to pay the plaintiff punitive damages; and,

6.    such other and further relief as may be just and proper and/or which will make the

plaintiff whole.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
MICHELLE C. THOMPSON

By her attorney,

/s/ James G. Gilbert
_____
James G. Gilbert (BBO #552629)
LAW OFFICES OF JAMES G. GILBERT
15 Front Street
Salem, MA 01970
(978) 744-9800

Dated: December 22, 2004