UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 18  P 3:46

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MICHELLE C. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC., and<br>JAY WELLS, individually.<br><br>Defendants. | Docket No. 04-12301-RGS |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Defendants, Blockbuster, Inc. and Jay Wells (collectively "Blockbuster"), hereby respond to Amended Complaint and Jury Demand of Plaintiff, Michelle C. Thompson ("Thompson"), as follows:

### Introduction

1. Blockbuster states that the allegations contained in paragraph 1 of the Amended Complaint are legal conclusions to which no responsive statement is required. To the extent a responsive statement is required, Blockbuster denies the allegations contained in paragraph 1 of the Amended Complaint.

### Jurisdiction

2. Blockbuster states that allegations contained in paragraph 2 of the Amended Complaint are legal conclusions to which no responsive statement is required.

### Parties

3. Upon information and belief, Blockbuster admits the allegations contained in the first sentence of paragraph 3 of the Amended Complaint. Blockbuster admits the allegations contained in the second sentence of paragraph 3 of the Amended Complaint. Blockbuster denies

LITDOCS/582625.2

that "all actions alleged" in the Complaint occurred, and, accordingly, denies the allegations contained in the third sentence of paragraph 3 of the Amended Complaint.

4. Blockbuster admits the allegations contained in paragraph 4 of the Amended Complaint.

5. Blockbuster denies the allegations contained in paragraph 5 of the Amended Complaint.

### Exhaustion of Administration Remedies

6. Blockbuster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint, and therefore denies same.

7. Blockbuster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint, and therefore denies same.

8. Blockbuster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, and therefore denies same.

### Statement of Facts

9. Blockbuster admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Blockbuster admits that the plaintiff worked for Blockbuster for six years. To the extent the remaining allegations of paragraph 10 imply plaintiff received only an "exceeds expectations" designation, Blockbuster denies same.

11. Blockbuster admits the allegations contained in paragraph 11 of the Amended Complaint.

12. Blockbuster denies the basis for the plaintiff's termination was pretextual or unfounded, and therefore denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Blockbuster denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Blockbuster denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Blockbuster states that the allegations contained in paragraph 15 of the Amended Complaint are unintelligible and therefore denies same. Further answering, upon information and belief, Blockbuster states that a cookout did occur at the plaintiff's house on or about August 9, 2002.

16. Blockbuster states that the allegations contained in paragraph 16 of the Amended Complaint, taken as a whole, are unintelligible and therefore denies same. Further answering, Blockbuster states that the incident that led to the termination of the plaintiff's employment occurred in August, 2002.

17. Blockbuster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, and therefore denies same.

18. Blockbuster denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Blockbuster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, and therefore denies same.

20. Blockbuster denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Blockbuster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and therefore denies same.

22. Blockbuster denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Blockbuster denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Blockbuster denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Blockbuster denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Blockbuster denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Blockbuster denies the allegations contained in paragraph 27 of the Amended Complaint to the extent they intend to assert that similarly situated male employees committed conduct similar to the plaintiff's conduct and were retained.

28. Blockbuster denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Blockbuster denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Blockbuster denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Blockbuster denies the allegations contained in paragraph 31 of the Amended Complaint.

### Count One
### (Discrimination 42 U.S.C. § 2000e-2)

32. Blockbuster repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

33. Upon information and belief, Blockbuster admits the allegations contained in paragraph 33 of the Amended Complaint.

34. With the exception of the incident leading to the termination of the plaintiff's employment, Blockbuster admits the allegations contained in paragraph 34 of the Amended Complaint.

35. Blockbuster admits the allegations contained in paragraph 35 of the Amended Complaint.

36. Blockbuster denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Blockbuster denies the allegations contained in paragraph 37 of the Amended Complaint.

38. Blockbuster denies the allegations contained in paragraph 38 of the Amended Complaint.

## Count Two
### (Discrimination M.G.L. c. 151B, § 4)

39. Blockbuster repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

40. Upon information and belief, Blockbuster admits the allegations contained in paragraph 40 of the Amended Complaint.

41. With the exception of the incident leading to the termination of the plaintiff's employment, Blockbuster admits the allegations contained in paragraph 41 of the Amended Complaint.

42. Blockbuster admits the allegations contained in paragraph 42 of the Amended Complaint.

43. Blockbuster denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Blockbuster denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Blockbuster denies the allegations contained in paragraph 45 of the Amended Complaint.

### Count Three
### (Intentional Infliction of Emotional Distress)

46. Blockbuster repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

47. Blockbuster denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Blockbuster denies the allegations contained in paragraph 48 of the Amended Complaint.

### Count Four
### (Breach of Contract)

49. Blockbuster repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

50. Blockbuster states that allegations contained in paragraph 50 of the Amended Complaint are legal conclusions to which no responsive statement is required. To the extent a responsive pleading is required, Blockbuster denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Blockbuster denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Blockbuster denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Blockbuster denies the allegations contained in paragraph 53 of the Amended Complaint.

### Count Five
### (Negligence)

54. Blockbuster repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

55. Blockbuster states that the allegations contained in paragraph 55 of the Amended Complaint are legal conclusions to which no responsive pleading is required.

56. Blockbuster denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Blockbuster denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Blockbuster denies the allegations contained in paragraph 58 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred on the grounds that the Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, wholly or in part, on the grounds that Defendants' conduct was at all times justified and lawful.

### Third Affirmative Defense

Any action taken by Defendants with respect to Plaintiff's employment was for legitimate, nondiscriminatory reasons.

### Fourth Affirmative Defense

Plaintiff's claims are barred, wholly or in part, on the grounds that she did not suffer any legally cognizable harm that was proximately caused by Defendants' conduct.

### Fifth Affirmative Defense

Plaintiff has alleged no facts warranting an award of punitive damages.

### Sixth Affirmative Defense

Plaintiff's claims are barred, wholly or in part, on the grounds that any damages suffered by the Plaintiff are the consequence of Plaintiff's own acts and/or omission, or of those of third persons not in Defendants' control.

LITDOCS/582625.2

### Seventh Affirmative Defense

Plaintiff's claims are barred, wholly or in part, on the grounds that Plaintiff has failed to mitigate her damages, if any, as required by law.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff failed to timely exhaust administrative remedies.

### Ninth Affirmative Defense

Plaintiff's claims are barred, wholly or in part, by the applicable statute of limitations.

### Tenth Affirmative Defense

Plaintiff's claims are barred, wholly or in part, by the workers' compensation statute.

### Eleventh Affirmative Defense

Defendants reserve the right to amend their answer and to add additional defenses as discovery and investigation may warrant.

WHEREFORE, Defendants request entry of judgment dismissing plaintiff's Amended Complaint and Jury Demand with prejudice, and awarding Defendants their costs and attorney's fees for defending this action and such other relief as may be appropriate and just.

Respectfully submitted,

**BLOCKBUSTER, INC., and
JAY WELLS,**

By their attorneys,

_/s/ Jenny K. Cooper_
Douglas T. Schwarz, BBO#548568
Jenny K. Cooper, BBO#646860
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February 2005, I served a copy of the foregoing Answer via facsimile and first class mail upon plaintiff's counsel of record:

James G. Gilbert
Law Offices of James G. Gilbert
15 Front Street
Salem, MA 01970

*Jenny K. Cooper*
Jenny K. Cooper