UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE C. THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLOCKBUSTER, INC., and )<br>JAY WELLS, individually )<br>)<br>Defendants. )<br>) | DOCKET NO. 04-12301-RGS |

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE IN EXCESS OF TEN DEPOSITIONS

Plaintiff moves that this Court, in accordance with Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure, and Local Rule 37.1, grant leave to the plaintiff to take in excess of ten depositions.

As grounds therefore, plaintiff states as follows:

1. The sole basis for plaintiff's termination, based upon defendants' production of documents, answers to discovery, and pleadings, is an allegation of a single statement alleged to have been made by the plaintiff at a cookout at plaintiff's home on or about August 9, 2002.[1]

2. The plaintiff contends that the allegation, and subsequent "investigation," is a pretext for the termination, which plaintiff alleges occurred as the result of her disclosure to company officials of her pregnancy just a few weeks prior to her termination on October 14, 2002.

---

[1] A previous filing made by counsel for the defendants to the Massachusetts Commission Against Discrimination alleged that there were six witnesses who would corroborate the allegation, though the defendants never identified the specific witnesses by name, despite repeated requests by the plaintiff that they do so. Exhibit A. Although defendants later identified only five such witnesses in responses to discovery, plaintiff's counsel learned just yesterday (May 1, 2006) that a sixth witness, never before identified by name, was indeed considered by the defendant as a corroborating witness as referred to in earlier statements made to the MCAD. This additional "witness," identified as John Turano, is included to be deposed in this motion.

3. According to the defendant, the allegation against the plaintiff was corroborated in telephone conversations that five identified witnesses purportedly had with Human Resources Director Beth Nybert on or about October 9, 2002.

4. Upon completion of written discovery, plaintiff has identified thirteen witnesses who were present at the August 9, 2002 cookout, though it appears only five of the thirteen were requested to participate in the "investigation" into the allegation against the plaintiff.[2]

5. The majority of the witnesses who attended the August 9, 2002 cookout no longer work for the defendant, and several have yet to be located.

6. Plaintiff's counsel has been diligent in his efforts to locate the thirteen identified witnesses who attended the cookout.

7. To date, plaintiff's counsel has found eight of the thirteen witnesses.

8. In addition to the defendant Mr. Wells and HR Director Nybert, responses to discovery in this matter identified two additional managerial level Blockbuster employees who were directly involved in the decision to terminate the plaintiff.

9. All of the current or former employees cited in the above paragraph are management level, precluding the plaintiff from direct contact without the consent of the defendant for informal conversations.

10. Defendants have not consented to such contact.

11. Plaintiff has previously noticed both Ms. Nybert's and Mr. Wells' depositions, which were rescheduled for May 22, 2006 and May 25, 2006 respectively.

12. Plaintiff wishes to depose the two additional managerial level employees identified by the defendant as involved in the decision to terminate the plaintiff.

---

[2] The "sixth witness" role in this matter remains unclear, but was not identified in response to plaintiff's discovery as a participant in the "investigation."

2

13. Plaintiff also wishes to depose all attendees at the August 9, 2002 cookout to determine their knowledge of any comments made by the plaintiff and other relevant observations and testimony regarding events of that day and the subsequent "investigation."

14. As all of the witnesses plaintiff seeks to depose are direct fact witnesses, identified by the defendants in discovery, with knowledge of facts directly relevant to the issues in dispute in this litigation, plaintiff seeks leave to depose all such witnesses to the extent they can be located before the close of discovery.

15. Such leave would require a maximum of seventeen depositions. Currently, with witnesses already located, twelve depositions would be necessary, including the two already scheduled. Plaintiff seeks permission to depose all seventeen witnesses to the extent the witnesses can be located within the prescribed discovery timetables.

16. On May 1, 2006, at 2:00PM, plaintiff's counsel and counsel for the defendant, Jenny Cooper, conferred via telephone to discuss an agreement to permit in excess of ten depositions in accordance with Local Rule 37.1.

17. In addition, counsel conferred to discuss deposition scheduling for Ms. Nybert and Mr. Wells, as well as clarification of the "sixth witness" issue.

18. The Nybert and Wells depositions were rescheduled by agreement, and the defendant agreed to supplement Interrogatory No. 10 to provide further information regarding the "sixth witness."

19. Although counsel for the plaintiff offered to coordinate the requested additional depositions to permit multiple witnesses to testify on a single day to avoid unnecessary expense, and although plaintiff's counsel also offered to limit the scope of the depositions to insure that

they would be completed in a timely and efficient manner, the defendants refused to assent to plaintiff's request to depose direct fact witnesses.

20. While it is true that with exception of the managerial level employees identified above, plaintiff's counsel may speak with the fact witnesses informally, plaintiff's counsel prefers to take the depositions and offer the defendants' counsel an opportunity for cross-examination, in the event these fact witnesses, most of whom are no longer in the employ of the defendant, are not available for trial at a later date.

21. Given that each of the witnesses are direct fact witnesses to either the statement that defendants' claim form the sole basis for plaintiff's termination, or were identified in discovery as directly involved in the decision to terminate the plaintiff based upon such statement, plaintiff seeks leave of this court to proceed with the depositions of the direct fact witnesses identified in Exhibit B.

WHEREFORE, the plaintiff requests that *Plaintiff's Motion for Leave to Take in Excess of Ten Depositions* be ALLOWED.

Respectfully submitted,

MICHELLE C. THOMPSON

By her attorney,

/s/ James G. Gilbert
_____
James G. Gilbert (BBO #552629)
LAW OFFICES OF JAMES G. GILBERT
15 Front Street
Salem, MA 01970
(978) 744-9800

Dated: May 2, 2006

4

## CERTIFICATE OF SERVICE

I, James G. Gilbert, counsel for the plaintiff herein, do hereby certify that I have served a copy of the foregoing upon defendants' counsel of record, Jenny K. Cooper, by first class mail, postage pre-paid on the above date.

/s/ James G. Gilbert

_____
James G. Gilbert

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

I, James G. Gilbert, counsel for the plaintiff herein, do hereby certify that on May 1, 2006, at 2:00PM, counsel for the defendant, Jenny Cooper, and counsel for the plaintiff, James Gilbert, conferred via telephone to resolve the matters set forth in this motion and were unable to reach agreement on such matters.

/s/ James G. Gilbert

_____
James G. Gilbert

# Exhibit A

# Exhibit B

**Plaintiff's Proposed Fact Witness Depositions**

**Witnesses who attended August 9, 2002 cookout**

1. Phil Volonino (Store Manager - North Reading, MA)
2. Scott Koleras (Store Manager - Lynn, MA)
3. Diane Sirard (District Manager in Training)
4. Joseph Newton (Assistant Manager - Tewksbury, MA)
5. Chris Nicola (Store Manager - Salem, MA)
6. Steve Brennan (Assistant Manager - Gloucester, MA)
7. David Johnson (Auditor then promoted to District Manager)
8. John Turano (Store Manager in training)
9. Jim Martin (Store Manager - Swampscott, MA)
10. Kim Russell (Store Manager- Billerica, MA)
11. Patrick Buchanan (Store Manager - North Andover, MA)
12. Chris Stone (Store Manager - Middleton, MA)
13. Peggy Breckenridge (Store Manager - Gloucester, MA)

**Witnesses identified as directly involved in decision to terminate plaintiff**

14. Beth Nybert (Blockbuster Regional Human Resources Director)
15. Jay Wells (Defendant)
16. Jeff Martin (former Blockbuster Area Vice President)
17. Stephen Mills (Former Blockbuster Area Human Resources)