UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE THompson, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLOCKBUSTER INC. and JAY WELLS, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br> NO. 04-12301-RGS |

**DEFENDANT BLOCKBUSTER INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE IN EXCESS OF TEN DEPOSITIONS**

Defendant, Blockbuster Inc. ("Blockbuster"), hereby opposes Plaintiff's Motion for Leave to Take in Excess of Ten Depositions. The circumstances of this case do not warrant expanding the scope of discovery beyond that permitted under Local Rule 26.1 and F.R.C.P. rules 30(a)(2)(A) and 26 (b)(2). The additional depositions Plaintiff seeks are not material, the plaintiff has made no showing that the additional depositions are necessary, and plaintiff can obtain the information sought through more convenient, less expensive informal means.

**Background and Context of the Motion For Leave**

At a Monthly Operation Review meeting held at her home in August, 2002, Blockbuster's District Leader Plaintiff Michelle Thompson stated, in the presence of Blockbuster employees under her management, that she was glad one "queer" from the District was gone, and that she hoped to get rid of another queer in the District. These comments were relayed to Blockbuster's Regional Human Resource manager, Beth Neybert, by Blockbuster store Manager Chris Nikola following his sudden and unexpected resignation. After speaking with Mr. Nikola on or about October 9, 2002, Ms. Neybert began an investigation of Mr. Nikola's complaint, interviewing Scott Koleros, Phil Volonino, and Diane Sirard, each of whom had also attended the meeting. After each of these employees confirmed that the plaintiff had made the statements, Ms. Neybert concluded her investigation and conferred with the plaintiff's manager, Defendant

Jay Wells[1/].  The two agreed that based on Blockbuster's policy of Zero Tolerance for discrimination or harassment, termination was appropriate under the circumstances.  Mr. Wells and Ms. Neybert held a meeting with Ms. Thompson on October 14, 2002 where they confronted her with the investigation results; she provided no rebuttal to cause them to question their belief and decision.  At the conclusion of the meeting, Ms. Thompson's employment was terminated.

Ms. Thompson was pregnant when her employment was terminated, and she now claims—despite giving testimony that neither Ms. Neybert nor Mr. Wells ever exhibited any bias towards her, or any woman, based on gender or pregnancy—that the articulated reason for her termination is a pretext for pregnancy discrimination.

Ms. Thompson has noticed the depositions of ten individuals, including Ms. Neybert and Mr. Wells, two former members of senior management, and each of the four individuals identified above as having been interviewed by Ms. Neybert and informing Blockbuster's decision to terminate Ms. Thompson's employment (all of whom have since left Blockbuster's employ).  In addition, Ms. Thompson has noticed the deposition of one former employee who attended the meeting and who confirmed Ms. Thompson's statements after this lawsuit was filed, and one employee who attended the meeting and was not part of Ms. Neybert's investigation.

In addition to these ten individuals, Ms. Thompson seeks leave to depose seven additional witnesses, none of whom provided any information related to Blockbuster's decision to terminate the plaintiff's employment.

Blockbuster does not oppose the depositions of the decision-makers, those who gave information as part of the investigation by a decision-maker, nor does it object to Ms.

---

[1/]  Plaintiff's Motion refers to a "sixth witness," and implies that Blockbuster has failed to provide information through discovery.  In footnote 2, the plaintiff correctly notes that Mr. Turano was not identified in discovery as a participant in Blockbuster's investigation.  This is because Mr. Turano was not a participant.  All individuals who participated in the investigation have been properly identified, and their depositions have been noticed.  The unsworn statements in Plaintiff's Motion also indicate that Blockbuster's counsel agreed to provide a supplemental Interrogatory answer with respect to Mr. Turano.  No such promise was given in the discovery conference.  However, although Blockbuster's Interrogatory answer was complete as first given, Blockbuster has provided a supplemental answer in an effort to address the plaintiff's concerns.  *See* Affidavit of Jenny K. Cooper ("Cooper Affidavit"), filed herewith, at ¶¶ 3-4, Tab A.

Thompson's using the remainder of the ten depositions the rules allow to question two additional individuals. Blockbuster does object, however, to the taking of depositions beyond the scope permitted by the rules. The additional depositions will not provide information material to this lawsuit, Ms. Thompson has shown no need for the testimony of any proposed additional witness, and Ms. Thompson can contact the witnesses informally, avoiding the expense and burden of conducting unnecessary depositions, to gather information.

### Argument

#### A.     The Additional Depositions Are Not Material to Plaintiff's Claim.

Plaintiff's burden in this case is to demonstrate that Blockbuster's articulated reason for her termination was a pretext for discrimination based on her pregnancy. She cannot prevail by showing that she did not make the statements she was accused of making; she can prevail only by showing, as a minimum threshold, that Blockbuster's belief that she made the statements was not the reason it terminated her employment. *See Ronda-Perez; Quesada-Rodriguez v. Banco Bilbao Vizcaya*, 404 F.3d 42, 45 (1st Cir. 2005) (question is not whether plaintiff's version of facts is the true one, but whether decision-maker and superiors believed what they had been told by those interviewed) *citing Mulero-Rodriguez v. Ponte, Inc.*, 98 F. 3d 670, 674 (1st Cir. 1996) (issue is merely whether decision-makers believed articulated reasons to be true).

Ms. Thompson is entitled to thorough discovery of the basis for Blockbuster's decision to terminate her employment, and the ten deposition limit set forth in Local Rule 26.1, and F.R.C.P. 30, is more than sufficient to achieve such discovery. In addition to the paper discovery already completed, Ms. Thompson will depose all relevant decision-makers, as well as each individual who provided information in connection with the termination decision, and two additional individuals who provided no input in connection with the decision.

The additional individuals whom Ms. Thompson seeks to depose cannot offer any relevant evidence. They had no impact on Blockbuster's decision to terminate Ms. Thompson's employment and can offer no insight into why the decision was made. The most that these individuals could possibly do is testify that they did not hear Ms. Thompson make the statements

in question. But even if they did so testify, their testimony would not be relevant to the issue of whether Blockbuster terminated Ms. Thompson's employment based on its belief that she made the statements in question, and would do nothing to establish Ms. Thompson's prima facie case. *See Ronda Perez*, 404 F.3d at 46 (where interviewed employees' statements were contradicted by others after plaintiff was terminated and filed suit, such contradictions did not prevent summary judgment because they could not reflect on investigator's honest belief at time of decision to terminate). Where the testimony in the proposed additional depositions would be immaterial, expansion of permitted discovery should not be allowed.

### B. Plaintiff Has Shown No Need For The Additional Depositions, and Cannot Possibly Do So Until After Completing The Depositions She Has Noticed.

Nothing in the record thus far suggests that deposition discovery beyond those depositions already noticed is necessary for complete inquiry into the basis for Blockbuster's decision to terminate Ms. Thompson's employment. Ms. Thompson testified unequivocally at her deposition that neither Ms. Neybert nor Mr. Wells have ever said or done anything to suggest they have any bias against her or anyone else based on gender or pregnancy. *See* Deposition of Michelle Thompson at 113-115; 119-120. True and Accurate Copies of Excerpts of the Deposition of Michelle Thompson are attached as Tab B to the Cooper Affidavit. There is no evidence or testimony to suggest an illicit motive in conducting or carrying out the investigation. In the depositions she has noticed, Ms. Thompson will be able to question the individual who made a complaint about her, the person who investigated that complaint, the people who provided information in that investigation, and each decision-maker.[2/]

As Ms. Thompson has stated she has no basis to believe that those who decided to terminate her employment were biased against her because she was pregnant, and given that a group of individuals who gave no input in connection with the decision cannot provide any basis upon which to attack it, Ms. Thompson has failed to demonstrate any need for the additional

---

[2/] As noted above, in addition Ms. Thompson has already noticed, and Blockbuster does not oppose, the depositions of two additional people who were not interviewed as part of the investigation.

depositions. *See Whittingham v. Amherst College*, 163 F.R.D. 170, 172 (D. Mass. 1995) (noting plaintiff can seek leave once ten deposition limit is reached, provided good cause can be shown).

Consistent with Local Rule 26.2, Ms. Thompson is entitled to no more than ten depositions until she can show a need for them, after completing ten depositions. *See* Local Rule 26.2(B) (motion for additional discovery should be brought after a party exhausts opportunities for discovery events provided for in Local Rule 26.1(C)). This result is consistent with this Court's ruling in *Whittingham*, where plaintiff's motion for leave to exceed ten depositions was denied where it was brought prior to taking any depositions. In *Whittingham,* this Court stated the cumulative effect of proposed discovery could not be assessed prior to some discovery being taken, and noted that Local Rule 26.2(B)(2) "requires a party to exhaust available discovery *before* seeking leave for additional discovery events." *Id*. at 171 (emphasis in original).

Ms. Thompson should not be given leave at this time to take depositions beyond those which the rules allow. Instead, Ms. Thompson should proceed with the depositions she has noticed, and bring a motion consistent with the Local Rules, if warranted, once permitted discovery events have been exhausted.

### C.    The Additional Depositions Are Inconsistent With Rule 26(b)(2).

Local Rule 26.1(C) limits a party to ten depositions absent the Court's order permitting more. Rule 30(a)(2)(A) of the Federal Rules also requires leave of court for depositions in excess of ten, and further states that leave should be given consistent with Rule 26(b)(2). Rule 26(b)(2) provides that discovery may be limited where, among other factors, the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. As she points out in her Motion for Leave, Ms. Thompson is free to contact each of the individuals she has identified (and whose depositions have not yet been noticed) in her request for leave to take in excess of ten depositions.

Informal contact would allow Ms. Thompson to gather whatever information she deems integral to prosecution of her claim, while avoiding undue expense and burden to Blockbuster. In

this simple single plaintiff matter, ten depositions is more than sufficient for complete discovery. There is no basis to put Blockbuster to the expense of seven additional depositions of witnesses whose testimony is immaterial and is available to the plaintiff through means causing no expense or burden.  This Court has recognized the importance of avoiding the costs of wide-ranging discovery through promulgation of the Local Rules as well adoption of the Expense and Delay Reduction Plan pursuant to the Civil Justice Reform Act, 28 U.S.C. § 471.  *See Whittingham*, 163 F.R.D. at 172.

Given that Rule 26(b)(2) permits the court to limit discovery where the party can obtain information through informal means, and given that this Court's Local Rules seek to encourage cost-effective discovery, there should be no expansion of permitted discovery.

## Conclusion

The depositions already noticed are more than sufficient for thorough discovery of the basis for Blockbuster's decision to terminate the plaintiff's employment.  Because the additional depositions cannot yield relevant information, because the plaintiff has shown no need for the depositions at this time, and because the information sought may be obtained through more convenient and less expensive means, Blockbuster respectfully requests that the Plaintiff's Motion for Leave to Take in Excess of Ten Depositions be denied.

Respectfully Submitted,

**BLOCKBUSTER INC.**

By its attorneys,

/s/ Jenny K. Cooper
Douglas T. Schwarz, BBO# 548558
Jenny K. Cooper, BBO# 646860
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
Dated:  May 16, 2006                                    (617) 951-8000

## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of May, 2006, I caused a true copy of the above document to be served electronically on counsel of record registered with the Electronic Case Filing System (ECF).

                                          /s/ Jenny K. Cooper
                                          Jenny K. Cooper