# Exhibit A

```
88:04   1                                         Volume:  I      1
        2                                         Pages:   1-201
        3
        4             UNITED STATES DISTRICT COURT
        5             DISTRICT OF MASSACHUSETTS
        6
        7   * * * * * * * * * * * * *
        8   MICHELLE C. THOMPSON,
        9             Plaintiff,
       10   vs.                        DOCKET NO. 04-12301-RGS
       11   BLOCKBUSTER, INC., and
       12   JAY WELLS, Individually,
       13             Defendants.
       14   * * * * * * * * * * * * *
       15         DEPOSITION OF MICHELLE C. THOMPSON
       16              Bingham McCutchen
       17              150 Federal Street
       18              Boston, Massachusetts
       19              9:51 a.m.
       20         Thursday, August 25, 2005
       21   Court Reporter:  Mary C. Soldati CSR, RPR
       22
       23
       24
```

```
                                                              2
1    APPEARANCES:

2        LAW OFFICES OF JAMES G. GILBERT

3        By James G. Gilbert, Esquire

4        15 Front Street

5        Salem, Massachusetts   01970

6        (978) 744-9800

7        On Behalf of the Plaintiff

8

9        BINGHAM McCUTCHEN

10       By Douglas T. Schwarz, Esquire

11       and Jenny Cooper, Esquire

12       150 Federal Street

13       Boston, Massachusetts

14       (617) 951-8000

15       On Behalf of the Defendant

16

17

18

19   ALSO PRESENT:   Beth Neybert

20

21

22

23

24
```

| | | |
|---|---|---|
| 12:53:26 | 1 | A. No. |
| 12:53:29 | 2 | Q. Did he ever say anything about whether he |
| 12:53:33 | 3 | thought you should have children? |
| 12:53:34 | 4 | A. No. |
| 12:53:36 | 5 | Q. Or not? |
| 12:53:37 | 6 | A. No. |
| 12:53:41 | 7 | Q. Did Jay ever say anything that indicated to |
| 12:53:47 | 8 | you that he had any bias against you because you |
| 12:53:52 | 9 | were a woman? |
| | 10 | A. No. |
| 12:53:57 | 11 | Q. Did Jay ever say anything to you that |
| 12:54:00 | 12 | indicated that he had any bias against you for any |
| 12:54:04 | 13 | other reason? |
| 12:54:05 | 14 | A. No. |
| 12:54:14 | 15 | Q. Did he ever -- that is, Jay -- did Jay ever |
| 12:54:22 | 16 | do anything that indicated that he was biased |
| 12:54:27 | 17 | against you because of your gender? |
| 12:54:34 | 18 | A. Because of my gender, no. |
| 12:54:36 | 19 | Q. Did he ever do anything that indicated that |
| 12:54:41 | 20 | he was biased against you because you were pregnant? |
| 12:54:42 | 21 | A. Prior to my termination? |
| 12:54:44 | 22 | Q. Yes. |
| 12:54:52 | 23 | A. No. |
| 12:55:06 | 24 | Q. Did Jay ever say anything to anyone else |

114

| | | |
|---|---|---|
| :55:10 | 1 | that indicated he was biased against anyone else |
| 12:55:12 | 2 | because of their gender? |
| 12:55:14 | 3 | MR. GILBERT: Objection. |
| 12:55:17 | 4 | Q. Let me rephrase that then. Did Jay ever say |
| 12:55:21 | 5 | anything that indicated a bias against anyone on the |
| 12:55:26 | 6 | basis of gender? |
| 12:55:28 | 7 | MR. GILBERT: Objection. |
| 12:55:29 | 8 | Q. You can answer. |
| 12:55:32 | 9 | A. No. |
| 12:55:33 | 10 | Q. Did Jay ever say anything that indicated a |
| 12:55:41 | 11 | bias against anyone on the basis of pregnancy? |
| 12:55:44 | 12 | MR. GILBERT: Objection. If I can just |
| 55:48 | 13 | say, you're saying -- if I could clarify, did she |
| 12:55:52 | 14 | know of Jay -- know of anyone -- do you know what |
| 12:55:55 | 15 | I'm saying? That's why I'm objecting. |
| 12:55:58 | 16 | MR. SCHWARZ: Fair enough. |
| 12:56:00 | 17 | Q. Did you ever hear -- did you ever hear Jay |
| 12:56:05 | 18 | say anything that indicated a bias against anyone |
| 12:56:08 | 19 | based on gender? |
| 12:56:10 | 20 | A. No. |
| 12:56:11 | 21 | Q. And did you ever hear from the anyone else |
| 12:56:15 | 22 | that Jay had said anything to anyone that indicated |
| 12:56:18 | 23 | a bias on the basis of gender? |
| 12:56:22 | 24 | A. No. |

| | | |
|---|---|---|
| 56:22 | 1 | Q. Did you ever hear Jay say anything that |
| 12:56:26 | 2 | indicated a bias against anyone on the basis of |
| 12:56:30 | 3 | pregnancy? |
| 12:56:30 | 4 | A. No. |
| 12:56:31 | 5 | Q. Did you ever hear from anyone else that Jay |
| 12:56:35 | 6 | had said anything that indicated a bias against |
| 12:56:37 | 7 | anyone on the basis of pregnancy? |
| 12:56:39 | 8 | A. No. |
| 12:56:40 | 9 | Q. Okay. Do you know when Jay was your |
| 12:57:00 | 10 | supervisor as regional manager, how many people he |
| 12:57:06 | 11 | supervised? |
| 12:57:12 | 12 | A. Specifically district leaders? Because he |
| 57:17 | 13 | technically was responsible for the entire region. |
| 12:57:20 | 14 | Q. So the entire region was -- |
| 12:57:22 | 15 | A. I believe -- |
| 12:57:23 | 16 | Q. I'm talking about, really, direct reports. |
| 12:57:27 | 17 | A. I believe it would have been the district |
| 12:57:33 | 18 | leaders and his support staff, so about 15. |
| 12:57:37 | 19 | Q. Okay. |
| 12:57:42 | 20 | MR. SCHWARZ: I think maybe now would be |
| 12:57:44 | 21 | a good time to take a lunch break. |
| 12:57:48 | 22 | (Lunch recess.) |
| 13:52:51 | 23 | Q. Ms. Thompson, are you aware of anyone else |
| 13:52:58 | 24 | other than yourself speaking to Diane Sirad |

119

| | | |
|---|---|---|
| :57:15 | 1 | Q. Did you know of any of the other employees |
| 13:57:17 | 2 | that -- |
| 13:57:18 | 3 | A. No. On the cases that I know of, yes. |
| 13:57:21 | 4 | Q. So any employee issues that you were aware |
| 13:57:25 | 5 | of that you and Beth Neybert worked on, you felt |
| 13:57:28 | 6 | that she had treated the employees fairly; is that |
| 13:57:30 | 7 | correct? |
| 13:57:30 | 8 | A. Yes. |
| 13:57:32 | 9 | Q. Did Beth ever say anything that indicated |
| 13:57:39 | 10 | bias against you because of your gender? |
| 13:57:42 | 11 | A. No. |
| 13:57:43 | 12 | Q. Did Beth ever do anything that indicated |
| 57:46 | 13 | bias against you because of your gender? |
| 13:57:49 | 14 | A. No. |
| 13:57:49 | 15 | Q. Did you Beth ever say anything that |
| 13:57:53 | 16 | indicated bias against you because of pregnancy? |
| 13:57:56 | 17 | A. No. |
| 13:57:57 | 18 | Q. Did Beth ever do anything that indicated |
| 13:58:00 | 19 | bias against you because of pregnancy? |
| 13:58:01 | 20 | A. No. |
| 13:58:01 | 21 | Q. Did you ever learn of anything that Beth |
| 13:58:06 | 22 | said that indicated bias against anyone because of |
| 13:58:10 | 23 | gender? |
| 13:58:10 | 24 | A. No. |

120

| | | |
|---|---|---|
| 58:11 | 1 | Q. Did you ever learn of anything that Beth |
| 13:58:13 | 2 | ever did that indicated bias against anyone because |
| 13:58:16 | 3 | of gender? |
| 13:58:17 | 4 | A. No. |
| 13:58:19 | 5 | Q. Did you ever learn of anything that Beth |
| 13:58:21 | 6 | said that indicated bias against anyone because of |
| 13:58:24 | 7 | pregnancy? |
| 13:58:24 | 8 | A. No. |
| 13:58:25 | 9 | Q. Did you ever learn of anything that Beth did |
| 13:58:28 | 10 | that indicated bias against anyone because of |
| 13:58:31 | 11 | pregnancy? |
| 13:58:32 | 12 | A. No. |
| 58:33 | 13 | Q. Okay. When did you first learn that you |
| 13:58:46 | 14 | were pregnant with your first child? |
| 13:58:53 | 15 | A. The last weekend -- well, no. I learned |
| 13:59:03 | 16 | early August. |
| 13:59:08 | 17 | Q. Early August of 2002? |
| 13:59:11 | 18 | A. Yes. |
| 13:59:18 | 19 | Q. How did you learn that? |
| 13:59:21 | 20 | A. Pregnancy test. |
| 13:59:22 | 21 | Q. And was it a home test or? |
| 13:59:25 | 22 | A. Yeah. |
| 13:59:26 | 23 | Q. So did you confirm it with a physician? |
| 13:59:29 | 24 | A. Yes. |

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>) | <br><br><br>CIVIL ACTION |
| v. )<br>) | NO. 04-12301-RGS |
| BLOCKBUSTER INC. and JAY WELLS, )<br>)<br>Defendants. )<br>) | |

**DEFENDANT BLOCKBUSTER INC.'S SUPPLEMENT TO ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Blockbuster Inc. ("Blockbuster"), hereby supplements its Answers to Plaintiff, Michelle Thompson's ("Thompson"), First Set of Interrogatories as follows:

**General Objections**

Blockbuster incorporates its General Objections set forth in its Answers to Plaintiff's First Set of Interrogatories as though fully set forth herein.

Without waiving and subject to the General Objections, Blockbuster supplements its Answers as follows:

**Answers**

**Interrogatory No. 10.**

Please identify all persons from whom Blockbuster, Inc., including any agent, attorney, or employee, sought or obtained information as part of an "investigation" conducted into the allegations referred to in the preceding interrogatory. For each such person please provide the following:

(a) the name, title, current home address, and telephone number of the employee or agent of the defendant corporation who initiated the contact;

(b) the contacted person's name, title, current home address, and telephone number;

(c) the substance of any discussion or information provided by the person;

(d) whether or not a written statement was provided by the person;

(e) whether or not the information was obtained orally or in writing;

(f) if orally, whether or not a recording of the conversation or discussion with each such person was made; and,

(g) if orally, whether or not any notes were taken and by whom.

**Answer:**

Blockbuster incorporates its original objections and answer to Interrogatory No. 10 as though fully stated herein. In addition, Blockbuster states that Ms. Sirard informed Ms. Neybert that John Turano, who was a Store Manager in Training, spoke with Ms. Sirard about the fact the comments made by Ms. Thompson made him uncomfortable.

Blockbuster further states that it makes this supplement in response to queries from Ms. Thompson's counsel regarding details of Ms. Neybert's investigation. Blockbuster states that its initial Interrogatory response was complete and fully responded to the Interrogatory which requested identification of "all persons from whom Blockbuster, Inc., including any agent, attorney, or employee, sought or obtained information as part of an 'investigation.'"

As to objections,

**BLOCKBUSTER INC.**

By its attorneys,

_/s/ Jenny K. Cooper_
Douglas T. Schwarz, BBO# 548558
Jenny K. Cooper, BBO# 646860
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: May 16, 2006

## VERIFICATION

COMES NOW *Beth Neybert* who, swears under the penalties of perjury that she is a duly designated and authorized agent of Blockbuster Inc. for the purpose of verifying Defendant Blockbuster Inc.'s Supplement to Answers to Plaintiff's First Set of Interrogatories, and that the foregoing responses are true to the best of her knowledge, information and belief.

*[signature: Beth Neybert]*
Beth Neybert
Regional Human Resource Manager

-3-

LITDOCS/630908.1

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2006, I served a copy of the foregoing document via email and first-class mail upon plaintiff's counsel of record:

James G. Gilbert, Esq.
Law Offices of James G. Gilbert
15 Front Street
Salem, MA 01970

_____
Jenny K. Cooper

LITDOCS/639909.1