UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE C. THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLOCKBUSTER, INC., and )<br>JAY WELLS, individually )<br>)<br>Defendants. )<br>) | DOCKET NO. 04-12301-RGS |

## **MOTION FOR PROTECTIVE ORDER TO LIMIT ATTENDANCE AT DEPOSITION**

In accordance with Rule 26(c)(5) of the Federal Rules of Civil Procedure, plaintiff moves this Court for entry of a protective order to exclude nonparty fact witness and Blockbuster employee Beth Neybert from attending the deposition of nonparty fact witness Diane Sirard.

As grounds therefore, plaintiff states the following:

1. In this litigation, plaintiff contends that she was fired from Blockbuster based on her gender shortly after revealing to company officials in September 2002 that she was pregnant.

2. The sole basis for plaintiff's termination, based upon defendants' production of documents, answers to discovery, depositions of fact witnesses, and pleadings is an allegation of a single statement alleged to have been made by the plaintiff at a cookout at plaintiff's home on or about August 9, 2002.

3. According to the defendants, the allegation against the plaintiff was corroborated in telephone conversations with four witnesses conducted by Blockbuster Regional Human Resources Director Beth Neybert on October 9, 2002.

4. Plaintiff contends that the allegations and subsequent "investigation" were a pretext for discrimination in violation of state and federal law.

5. Ms. Neybert is the defendant's primary fact witness in this litigation and the only fact witness to the telephone conversations with the four witnesses cited in ¶3.

6. Ms. Neybert is identified by the defendant as a witness to be called at trial.

7. Ms. Neybert is not a party to this litigation.

8. Ms. Neybert's deposition in this litigation was taken on May 25 and 26, 2006.

9. Diane Sirard is a nonparty fact witness with knowledge of material facts in dispute in this litigation. Exhibit A, *Affidavit of James G. Gilbert*, ¶2 (hereinafter referred to as *Affidavit of James G. Gilbert*).

10. Among the individuals cited by Ms. Neybert as providing corroborating testimony of the allegations against the plaintiff was Ms. Sirard. *Affidavit of James G. Gilbert*, ¶3.

11. Ms. Sirard is expected to provide testimony in this litigation specifically rebutting testimony provided by Ms. Neybert, including Ms. Neybert's testimony that Ms. Sirard confirmed the allegations against the plaintiff. *Affidavit of James G. Gilbert*, ¶4.

12. Ms. Sirard is also expected to testify to other relevant matters involving Ms. Neybert as well as other individuals involved in the investigation. *Affidavit of James G. Gilbert*, ¶5.

13. Pursuant to a subpoena issued on May 3, 2006, Ms. Sirard appeared for a deposition in the above matter on June 1, 2006 at the office of plaintiff's counsel in Salem, Massachusetts. *Affidavit of James G. Gilbert*, ¶1.

14. In addition to Attorney Douglas Schwartz, representing the defendants, Ms. Neybert appeared at the deposition unannounced. *Affidavit of James G. Gilbert*, ¶6.

15. Counsel for the defendants did not inform counsel for the plaintiff in advance of the deposition of his intent to bring along a nonparty fact witness to Ms. Sirard's deposition. *Affidavit of James G. Gilbert*, ¶7.

16. According to representations made by counsel for the defendants to counsel for the plaintiff, Ms. Neybert was present at the deposition as a representative of the defendant corporation Blockbuster. *Affidavit of James G. Gilbert*, ¶8.

17. Counsel for the defendants cited no other basis for Ms. Neybert's presence. *Affidavit of James G. Gilbert*, ¶9.

18. Prior to the start of the deposition, plaintiff's counsel informed Mr. Schwartz that Ms. Neybert's presence appeared to be intended to intimidate or harass the witness, a former Blockbuster employee, and that plaintiff may choose to object to her presence as she is not a party to the litigation and has no independent right to attend the deposition.[1] *Affidavit of James G. Gilbert*, ¶10.

19. Mr. Schwartz denied that was the intent of the defendants but offered no further explanation for Ms. Neybert's presence other than as a representative of the company. *Affidavit of James G. Gilbert*, ¶11.

20. Counsel for the plaintiff suggested to Mr. Schwartz that Blockbuster was a large corporation and could find any number of competent representatives, including corporate counsel, who would not be objectionable, but reiterated his concern that Ms. Neybert's presence might be intimidating to Ms. Sirard. *Affidavit of James G. Gilbert*, ¶12.

---

[1] Plaintiff did not object to Ms. Neybert's earlier attendance at plaintiff's deposition taken on August 25 and 26, 2005. At the time, plaintiff indicated that she was not intimidated or threatened by Ms. Neybert's presence, and, as such, counsel for the plaintiff did not see the value of raising an objection to her presence or seeking judicial intervention at that time. Unlike those circumstances, the witness in this matter specifically stated that the presence of Ms. Neybert would likely interfere with her ability to give testimony. Any suggestion by the defendants that the plaintiff's earlier acquiescence to Ms. Neybert's presence at Ms. Thompson's deposition is either relevant or to be perceived as a blanket waiver of plaintiff's right to object to her continued attendance at future nonparty fact witness depositions is without foundation.

21. Mr. Schwartz declined to seek another representative of the company to attend the deposition. *Affidavit of James G. Gilbert*, ¶13.

22. Upon Ms. Sirard's arrival for the deposition, counsel for the plaintiff informed Ms. Sirard that Ms. Neybert was present and asked whether or not Ms. Neybert's presence "would be a problem." *Affidavit of James G. Gilbert*, ¶14.

23. Ms. Sirard responded that Ms. Neybert's presence would present "a big problem. I feel she is here to intimidate me." *Affidavit of James G. Gilbert*, ¶15.

24. Upon further inquiry, Ms. Sirard explained that Ms. Neybert, on behalf of Blockbuster, appeared at an unemployment compensation hearing for Ms. Sirard's application for unemployment compensation to oppose Ms. Sirard's application for unemployment. *Affidavit of James G. Gilbert*, ¶16.

25. Ms. Sirard stated that Ms. Neybert made certain statements at that proceeding that Ms. Sirard believed were inappropriate or inaccurate. *Affidavit of James G. Gilbert*, ¶17.

26. Ms. Sirard stated that she had no contact with Ms. Neybert after that hearing. *Affidavit of James G. Gilbert*, ¶18.

27. Ms. Sirard was emphatic to counsel for the plaintiff that she perceived Ms. Neybert's presence at her deposition in this litigation as "harassment" and that she believed Ms. Neybert's presence in the deposition would interfere with her ability to testify, specifically stating that Ms. Neybert would be a "distraction." *Affidavit of James G. Gilbert*, ¶¶19, 20.

28. Based on this information provided by the witness, counsel for the plaintiff informed Mr. Schwartz of the witness's objections to Ms. Neybert's presence, and also of the plaintiff's objections to her presence, and Mr. Schwartz refused to voluntarily excuse Ms. Neybert from attending the deposition. *Affidavit of James G. Gilbert*, ¶21.

29. Mr. Schwartz again cited no other basis for Ms. Neybert's presence at the deposition other than as a representative of Blockbuster. *Affidavit of James G. Gilbert*, ¶22.

30. At the deposition, the witness was sworn and provided the testimony attached hereto as Exhibit B.

31. Both counsel questioned the witness, in which the witness reiterated her objections and concerns regarding Ms. Neybert's presence at the deposition. Exhibit B, Pages 4-14.

32. Counsel for the defendants refused to identify for the record any specific basis for his objection to the exclusion of Ms. Neybert from the deposition. Exhibit B, Pages 6-7.

33. Without any more detailed explanation for counsel's insistence that Ms. Neybert be present at the deposition over the specific objections of the plaintiff and the nonparty fact witness -- all of which appear on the record -- counsel for the plaintiff had no choice but to seek the intervention of the Court in this matter. *See* Fed. R. Civ. P. 26(c); Exhibit B; *Affidavit of James G. Gilbert*, ¶25.

34. The deposition was suspended pending the filing by the plaintiff of this motion for protective order. Exhibit B, Page 14.

35. Plaintiff's *Memorandum of Law in Support of this Motion for Protective Order to Limit Attendance at Deposition* is filed herewith.

36. As Ms. Neybert has no independent right to attend the depositions, and given the plaintiff's right to obtain discovery free from intimidation of fact witnesses, the balance should favor her exclusion from Ms. Sirard's deposition.

WHEREFORE, plaintiff requests that this Court ALLOW plaintiff's *Motion for Protective Order to Limit Attendance at Depositions* and issue a protective order in the form attached hereto as Exhibit C. Plaintiff further moves for her costs associated with the filing of

this motion, including reasonable attorney's fees, and the costs associated with rescheduling the deposition of Ms. Sirard.

MICHELLE C. THOMPSON

By her attorney,

/s/ James G. Gilbert
_____
James G. Gilbert (BBO #552629)
LAW OFFICES OF JAMES G. GILBERT
15 Front Street
Salem, MA 01970
(978) 744-9800

Dated: June 2, 2006

## CERTIFICATE OF SERVICE

   I, James G. Gilbert, counsel for the plaintiff herein, do hereby certify that I have served a copy of the foregoing upon defendants' counsel of record, Jenny K. Cooper, by first class mail, postage pre-paid on the above date. Service by electronic mail was sent on the same date.

/s/ James G. Gilbert
_____
James G. Gilbert
