UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE C. THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC., and<br>JAY WELLS, individually<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   DOCKET NO. 04-12301-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JAMES G. GILBERT

I, James G. Gilbert, counsel for the plaintiff herein, do hereby depose and state on oath as follows:

1. On May 3, 2006, I issued a subpoena for the deposition of Diane Sirard in the above captioned matter to be held at my office in Salem, Massachusetts on June 1, 2006. A corresponding Notice of Deposition was sent to counsel for the defendants. True and accurate copies of each are attached to the *Motion for Protective Order to Limit Attendance at Deposition* as Exhibit D.

2. Ms. Sirard is a nonparty fact witness with knowledge of material facts in dispute in this litigation.

3. Ms. Sirard is one of four individuals cited by Blockbuster Human Resources Director Beth Neybert as providing corroborating testimony of certain allegations against my client, Michelle Thompson, which Blockbuster cites as the basis for her termination.

4. Ms. Sirard is expected to provide testimony in this litigation specifically rebutting testimony provided by Ms. Neybert, including Ms. Neybert's testimony that Ms. Sirard confirmed the allegations against the plaintiff.

5. Ms. Sirard is also expected to testify to other relevant matters involving Ms. Neybert as well as other individuals involved in the investigation.

6. On June 1, 2006, at approximately 8:55AM, I arrived at my conference room and I noticed that in addition to Attorney Douglas Schwartz, representing the defendants, Ms. Neybert was present at my office with the apparent intent of attending Ms. Sirard's deposition.

7. I was never informed in advance of the deposition by any attorney for the defendants of their intent to bring along a nonparty fact witness to Ms. Sirard's deposition.

8. When I questioned Mr. Schwartz about Ms. Neybert's presence at the deposition, I was informed that Ms. Neybert was present at the deposition as a representative of the defendant corporation Blockbuster.

9. Mr. Schwartz cited no other basis for Ms. Neybert's presence.

10. I expressed to Mr. Schwartz that given the nature of the upcoming deposition, Ms. Neybert's presence appeared to be intended to intimidate or harass the witness, a former Blockbuster employee, and that I may choose to object to her presence as she is not a party to the litigation.[1]

11. Mr. Schwartz denied that was the intent of the defendants but offered no further explanation for Ms. Neybert's presence other than as a representative of the company.

---

[1] Plaintiff did not object to Ms. Neybert's earlier attendance at plaintiff's deposition taken on August 25 and 25, 2005. At the time, plaintiff indicated that she was not intimidated or threatened by Ms. Neybert's presence, and, as such, counsel for the plaintiff did not see the value of raising an objection to her presence or seeking judicial intervention at that time. Unlike those circumstances, the witness in this matter specifically stated that the presence of Ms. Neybert would likely interfere with her ability to give testimony. Any suggestion by the defendants that the plaintiff's earlier acquiescence to Ms. Neybert's presence at Ms. Thompson's deposition is either relevant or to be perceived as a blanket waiver of plaintiff's right to object to her continued attendance at future nonparty fact witness depositions is without foundation.

12. I suggested to Mr. Schwartz that Blockbuster was a large corporation and could find any number of competent representatives, including corporate counsel, who would not be objectionable, and I reiterated my concern that Ms. Neybert's presence might be intimidating to the witness thus having a chilling effect on the deposition.

13. Mr. Schwartz declined to seek another representative of the company to attend the deposition.

14. Upon Ms. Sirard's arrival for the deposition, I informed Ms. Sirard that Ms. Neybert was present and asked whether or not Ms. Neybert's presence "would be a problem."

15. Ms. Sirard told me that Ms. Neybert's presence would present "a big problem. I feel she is here to intimidate me."

16. Upon further inquiry, Ms. Sirard explained to me that Ms. Neybert, on behalf of Blockbuster, appeared at an unemployment compensation hearing for Ms. Sirard's application for unemployment compensation to oppose her application for unemployment.

17. Ms. Sirard stated that Ms. Neybert made certain statements at that proceeding that Ms. Sirard believed were inappropriate or inaccurate.

18. Ms. Sirard stated that she had no contact with Ms. Neybert after that hearing.

19. Ms. Sirard was emphatic in that conversation that she perceived Ms. Neybert's presence at her deposition in this litigation as "harassment."

20. I asked her whether or not Ms. Neybert's presence might interfere with her ability to provide testimony and she stated that Ms. Neybert's presence in the deposition would interfere with her ability to testify, specifically stating to me that Ms. Neybert would be a "distraction."

21. Based on this information provided by the witness, I informed Mr. Schwartz of the witness's objections to Ms. Neybert's presence, and also of the plaintiff's objections to her

presence, and Mr. Schwartz refused to voluntarily excuse Ms. Neybert from attending the deposition.

22. Mr. Schwartz cited no other basis for Ms. Neybert's presence at the deposition other than as a representative of Blockbuster.

23. At that point we entered the conference room to place the matter on the record.

24. All other relevant facts are on the transcript provided as an attachment to the *Motion for Protective Order to Limit Attendance.*

25. Further conference with counsel in accordance with Rule 26(c) to resolve the dispute over attendance of Ms. Neybert beyond what is contained in the record would not have proved fruitful.

Signed under the pains and penalties of perjury this 1st day of June 2006.

/s/ James G. Gilbert
_____
James G. Gilbert