```
                                                           1

 1                        Volume:  I

 2                        Pages:   1-17

 3                        Exhibits: 1-2

 4           UNITED STATES DISTRICT COURT

 5              DISTRICT OF MASSACHUSETTS

 6    - - - - - - - - - - - - - - - - - x

 7    MICHELLE C. THOMPSON,

 8              Plaintiff,

 9        v.                DOCKET NO. 04-12301-RGS

10    BLOCKBUSTER, INC., and

11    JAY WELLS, individually,

12              Defendants.

13    - - - - - - - - - - - - - - - - - x

14

15          DEPOSITION OF DIANNE C. SIRARD

16              Thursday, June 1, 2006

17                    9:28 a.m.

18          Law Offices of James G. Gilbert

19                  15 Front Street

20          Salem, Massachusetts  01970

21

22

23    Reporter:  Carol A. Pagliaro, CSR/RPR/RMR

24
```

LegaLink Boston
(617) 542-0039

```
                                                                    2

 1   A P P E A R A N C E S:

 2

 3         LAW OFFICES OF JAMES G. GILBERT

 4         By James G. Gilbert, Esq.

 5         15 Front Street

 6         Salem, Massachusetts  01970

 7         978.744.9800

 8         Counsel for the Plaintiff

 9

10         BINGHAM McCUTCHEN

11         By Douglas T. Schwarz, Esq.

12         399 Park Avenue

13         New York, NY  10022-4689

14         212.705.7437

15         Counsel for the Defendants

16

17   ALSO PRESENT:   Elizabeth B. Neybert

18

19

20

21

22

23

24

                         LegaLink Boston
                         (617) 542-0039
```

```
                                                           3

 1                    I N D E X

 2    EXAMINATION OF:                              PAGE

 3    Dianne C. Sirard

 4         By Atty. Gilbert                        4, 7

 5         By Atty. Schwar                         11

 6

 7

 8

 9

10

11                  E X H I B I T S

12    NO.                                          PAGE

13    1    Document                                4

14    2    Subpoena                                4

15

16

17      *Original exhibits retained by Atty. Gilbert

18

19

20

21

22

23

24
```

4

```
              1                P R O C E E D I N G S
              2                    Stipulation
              3      It is stipulated by and between counsel for the
              4      respective parties that all objections, except as to
              5      form of the question, are reserved until the time of
              6      trial, as are Motions to Strike.  It is further
              7      stipulated that signing the deposition before a
              8      Notary Public is waived and that the deposition may
09:27:33      9      be signed under the pains and penalties of perjury.
09:27:33     10           (Documents marked as Exhibit 1 and 2
09:27:36     11               for identification.)
             12                DIANNE C. SIRARD
             13      a witness called for examination by counsel for the
             14      Plaintiff, being first duly sworn, was examined and
             15      testified as follows:
             16                DIRECT EXAMINATION
09:27:58     17        BY ATTY. GILBERT:
09:28:00     18        Q.  Could you state your full name and address
09:28:02     19      for the record?
09:28:04     20        A.  Dianne Sirard, 82 Wyman Road, Billerica,
09:28:04     21      Mass.  01821.
09:28:12     22        Q.  Good morning, Ms. Sirard.
09:28:12     23        A.  Good morning.
09:28:13     24        Q.  I'm here to take your deposition.  You
```

5

| | | |
|---|---|---|
| 09:28:15 | 1 | received a copy of a subpoena.  Do you recognize |
| 09:28:20 | 2 | Deposition Exhibit No. 2? |
| 09:28:21 | 3 |     A.  Yes. |
| 09:28:22 | 4 |     Q.  Is that an accurate copy of the subpoena you |
| 09:28:25 | 5 | received? |
| 09:28:26 | 6 |     A.  Yes. |
| 09:28:58 | 7 |             ATTY. GILBERT:  Before we begin, the |
| 09:29:02 | 8 | Plaintiff objects to the presence of Beth Neybert at |
| 09:29:08 | 9 | this deposition.  Ms. Neybert is a fact witness in |
| 09:29:10 | 10 | this matter.  Her testimony, in fact, is a key part |
| 09:29:15 | 11 | of this litigation.  There are a number of witnesses |
| 09:29:23 | 12 | who will be testifying, some of whom will be |
| 09:29:28 | 13 | disputing the testimony of Ms. Neybert. |
| 09:29:32 | 14 |             The Plaintiff objects to Ms. Neybert's |
| 09:29:36 | 15 | presence and believes that Ms. Neybert is here for |
| 09:29:43 | 16 | the purpose of intimidating the witness, and I'd |
| 09:29:49 | 17 | like to ask the witness a couple of questions for |
| 09:29:52 | 18 | the record with respect to the presence of Ms. |
| 09:29:55 | 19 | Neybert. |
| 09:30:01 | 20 |             ATTY. SCHWARZ:  Let me just respond to |
| 09:30:03 | 21 | that, because it seems to me, and obviously you will |
| 09:30:10 | 22 | make whatever record you want to make, it seems to |
| 09:30:10 | 23 | me you either take the deposition or not. |
| 09:30:17 | 24 |             First of all, Ms. Neybert's deposition |

6

| | | |
|---|---|---|
| 09:30:20 | 1 | has been taken over a lengthy 2-day period, so that |
| 09:30:27 | 2 | is clear.  You have had a chance to ask her anything |
| 09:30:33 | 3 | you want to ask her. |
| 09:30:33 | 4 | Second of all, the company is entitled |
| 09:30:35 | 5 | to have a representative attend depositions, and Ms. |
| 09:30:38 | 6 | Neybert is that representative and has attended |
| 09:30:42 | 7 | other depositions in that capacity, and so there is |
| 09:30:47 | 8 | no basis for the objection, and if, indeed, we do |
| 09:30:54 | 9 | have to proceed through motions and so forth, we |
| 09:30:58 | 10 | will -- I mean, I think it's a completely |
| 09:31:01 | 11 | inappropriate objection and we will ask for our |
| 09:31:05 | 12 | costs of resolving it and fees.  Go ahead. |
| 09:31:12 | 13 | ATTY. GILBERT:  I'd note under the Rules |
| 09:31:12 | 14 | of Civil Procedure seeking a Protective Order for |
| 09:31:18 | 15 | the exclusion of someone from a deposition is an |
| 09:31:18 | 16 | entirely appropriate and recognized motion to make. |
| 09:31:20 | 17 | ATTY. SCHWARZ:  But not after you have |
| 09:31:21 | 18 | gotten everybody to come to the deposition site and |
| 09:31:26 | 19 | spend money and time to do that when certainly this |
| 09:31:32 | 20 | issue could have been anticipated. |
| 09:31:35 | 21 | ATTY. GILBERT:  I think the defendants |
| 09:31:38 | 22 | are well aware of the situation here, and I don't |
| 09:31:42 | 23 | think it requires any further exposition from me. |
| 09:31:48 | 24 | ATTY. SCHWARZ:  Let me say one other |

LegaLink Boston
(617) 542-0039

7

```
09:31:48   1    thing.  I'm not putting my substantive -- I'm
09:31:54   2    reserving my substantive arguments why it is
09:31:58   3    completely appropriate to have Ms. Neybert here.  I
09:32:03   4    don't see any value, and, in fact, I don't want to
09:32:06   5    put them on the record at this point with the
09:32:10   6    witness present, but go ahead.
09:32:10   7                     EXAMINATION, cont'd
09:32:12   8       BY ATTY. GILBERT (CORRECTION BY JGG 06-02-2006):
09:32:17   9         Q.  Do you know Ms. Neybert?
09:32:17  10         A.  Yes.
09:32:17  11         Q.  Do you have any concerns regarding her
09:32:20  12    presence here today at this deposition?
09:32:21  13         A.  Yes.  I'm uncomfortable.  I think it is next
09:32:25  14    to harassment.  I have a past with her that wasn't
09:32:30  15    very enjoyable at an unemployment hearing I went
09:32:31  16    through, that I don't need to have somebody sitting
09:32:34  17    here -- a representative of the company would be
09:32:36  18    fine, but it should be somebody else.
09:32:40  19                 If we maybe didn't have a past, it might
09:32:43  20    be different, but it makes me extremely
09:32:46  21    uncomfortable, and I believe it's done to intimidate
09:32:49  22    me.
09:32:50  23         Q.  Do you think Ms. Neybert's presence would
09:32:51  24    have an impact on your ability to give testimony?
```

8

```
09:32:59    1         A.   Yes.
09:32:59    2         Q.   How do you think it would impact your
09:32:59    3    ability to give testimony?
09:32:59    4         A.   I think it's an intimidation move.  I think
09:33:04    5    it's here to say we are going to try to make you
09:33:05    6    uncomfortable so you can't think straight, so we can
09:33:08    7    intimidate you, and I have every right to feel how I
09:33:11    8    feel, and that is how I feel about it.
09:33:15    9              ATTY. GILBERT:  Based on the witness's
09:33:16   10    representations and the concerns of the Plaintiff
09:33:20   11    regarding the presence of Ms. Neybert, I will
09:33:21   12    suspend the deposition at this point, and the
09:33:24   13    Plaintiff will move for a Protective Order to
09:33:29   14    exclude Ms. Neybert from this and future fact
09:33:32   15    witness depositions.
09:33:40   16              ATTY. SCHWARZ:  All right.  I will
09:33:42   17    reserve -- well, you know, I guess, do you mind if I
09:33:54   18    ask a couple of questions?
09:33:55   19              ATTY. GILBERT:  I don't really think
09:33:57   20    it's appropriate.
09:33:58   21              ATTY. SCHWARZ: You object to me asking
09:33:59   22    questions?
09:34:00   23              ATTY. GILBERT:  I do.
09:34:01   24              ATTY. SCHWARZ:  Then I won't ask any
```

9

```
09:34:02   1    questions.  I want it on the record, though, that I
09:34:06   2    would like to ask questions.  I'm here ready,
09:34:09   3    willing, and able to ask questions.
09:34:11   4              ATTY. GILBERT:  Well, the witness has
09:34:12   5    already indicated that she doesn't want to proceed
09:34:14   6    with the deposition.  What is the nature of the
09:34:16   7    questions you are seeking to ask?
09:34:18   8              ATTY. SCHWARZ:  I'm seeking to ask
09:34:20   9    questions about the witness's basis for not wanting
09:34:24  10    to proceed.
09:34:42  11              ATTY. GILBERT:  Well, we already
09:34:44  12    explored that issue.  The witness indicates she is
09:34:47  13    intimidated.  I'm unclear as to what further
09:34:51  14    information you need from the witness that she has
09:34:54  15    not already presented.
09:35:02  16              ATTY. SCHWARZ:  If you say that you are
09:35:05  17    going to ask the Court to make a ruling on this, I'd
09:35:06  18    like to ask the witness about the basis on which she
09:35:12  19    claims to be intimidated.
09:35:25  20              ATTY. GILBERT:  The witness has
09:35:25  21    indicated that -- she indicated a past history with
09:35:30  22    Ms. Neybert and specifically cited an issue with
09:35:33  23    respect to the unemployment hearing that she
09:35:37  24    attended at which Ms. Neybert represented the
```

10

| | | |
|---|---|---|
| 09:35:42 | 1 | company and opposed her unemployment.  Are you |
| 09:35:46 | 2 | asking whether or not there is anything in addition |
| 09:36:00 | 3 | to that? |
| 09:36:00 | 4 | ATTY. SCHWARZ:  I'm not going to allow |
| 09:36:00 | 5 | you to filter my questioning.  If you want to |
| 09:36:00 | 6 | essentially stop the deposition and instruct the |
| 09:36:01 | 7 | witness not to answer my questions, then go ahead |
| 09:36:05 | 8 | and do that.  This is a civil, and I say with a |
| 09:36:08 | 9 | small c, proceeding.  You know, I'm not going to do |
| 09:36:17 | 10 | any more than state my request and my objection, and |
| 09:36:21 | 11 | if you are saying don't go any further, if you are |
| 09:36:24 | 12 | saying to the witness, Don't say anything, then we |
| 09:36:28 | 13 | are done, and we will go to court. |
| 09:36:31 | 14 | ATTY. GILBERT:  I'm not in a position to |
| 09:36:34 | 15 | instruct the witness not to answer.  She is not my |
| 09:36:34 | 16 | client, she is a fact witness, so I can't, in my |
| 09:36:39 | 17 | mind, instruct the witness whether or not to answer |
| 09:36:42 | 18 | a question, and I'm not, in fact, instructing the |
| 09:36:44 | 19 | witness. |
| 09:36:47 | 20 | I think you put the request to me.  If |
| 09:36:47 | 21 | you are requesting from me, I don't see any need to |
| 09:36:49 | 22 | it. |
| 09:36:50 | 23 | You are here, if you want to ask some |
| 09:36:52 | 24 | questions and you insist on doing so, I don't see |

11

```
09:36:55    1    any basis by which I can prevent you from doing so.
09:36:55    2                       EXAMINATION
09:37:04    3        BY ATTY. SCHWARZ:
09:37:04    4        Q.  Good morning, Ms. Sirard?
09:37:06    5        A.  (Nod.)
09:37:06    6        Q.  My name is Doug Schwarz, and I represent the
09:37:11    7    Defendants in this case, Blockbuster is one of them
09:37:16    8    and Jay Wells is the other, and I understand that
09:37:23    9    you have said that you don't want to go forward and
09:37:27   10    testify today.
09:37:37   11             Other than generally speaking, something
09:37:39   12    about an unemployment hearing, what is the specific
09:37:42   13    reason that you are not going to agree to provide
09:37:47   14    testimony today?
09:37:47   15                  ATTY. GILBERT:  Objection.
09:37:48   16        A.  I think I already stated that, and I'm not
09:37:50   17    going to repeat myself.  I am uncomfortable, and
09:37:58   18    that is exactly why.  I went through an unemployment
09:37:58   19    hearing.  Beth can fill you in on the whole hearing,
09:37:59   20    because she was involved with it, and any
09:38:02   21    information about the details of the hearing, you
09:38:05   22    can talk to Beth.
09:38:06   23        Q.  What I'd like to ask you, though, is, other
09:38:11   24    than attending the hearing and speaking at the
```

12

| | | |
|---|---|---|
| 09:38:15 | 1 | hearing on behalf of Blockbuster, was there anything |
| 09:38:20 | 2 | else that Ms. Neybert did that causes you to feel |
| 09:38:20 | 3 | uncomfortable? |
| 09:38:27 | 4 | A.  No, what happened at the hearing, that is |
| 09:38:29 | 5 | involved with the hearing, is what I'm saying. |
| 09:38:35 | 6 | Q.  You are talking about testimony that Ms. |
| 09:38:39 | 7 | Neybert gave at the hearing? |
| 09:38:40 | 8 | A.  Correct. |
| 09:38:41 | 9 | Q.  Anything else? |
| 09:38:42 | 10 | A.  No. |
| 09:38:43 | 11 | Q.  Did she say anything to you walking out of |
| 09:38:45 | 12 | the hearing? |
| 09:38:46 | 13 | A.  No. |
| 09:38:47 | 14 | Q.  Going into the hearing? |
| 09:38:48 | 15 | A.  No. |
| 09:38:49 | 16 | Q.  Other than the hearing itself, did she say |
| 09:38:55 | 17 | anything to you that is causing you concern? |
| 09:38:58 | 18 | A.  We worked together for a while; issues that |
| 09:38:59 | 19 | came up at work that involved -- that were brought |
| 09:39:02 | 20 | up in the hearing were also part of it, and I'm very |
| 09:39:05 | 21 | uncomfortable having this conversation with you. |
| 09:39:10 | 22 | Q.  As you can imagine, I have a number of |
| 09:39:12 | 23 | questions I want to ask you this morning, and I'd |
| 09:39:17 | 24 | like to continue asking them, and are you saying |

LegaLink Boston
(617) 542-0039

13

| | | |
|---|---|---|
| 09:39:21 | 1 | that you will not answer them? |
| 09:39:25 | 2 | A.  I'm saying I'm uncomfortable speaking with |
| 09:39:26 | 3 | her in the room.  If you have another |
| 09:39:27 | 4 | representative, that is fine, but other than that, |
| 09:39:29 | 5 | I'm very uncomfortable.  I think it's harassment. |
| 09:39:33 | 6 | If you want to me to keep repeating myself, I will. |
| 09:39:34 | 7 | Q.  No, I don't want you to keep repeating |
| 09:39:37 | 8 | yourself, I just want to be clear, because |
| 09:39:39 | 9 | eventually, apparently, a judge is going to have to |
| 09:39:42 | 10 | make a decision about this, and I just want the |
| 09:39:44 | 11 | judge to be able to understand what the basis is on |
| 09:39:48 | 12 | which you are objecting to having the company |
| 09:39:51 | 13 | representative here. |
| 09:39:52 | 14 | A.  I'm sure Jim will explain it to them. |
| 09:39:56 | 15 | Q.  But it's really your issue, because you are |
| 09:39:58 | 16 | here -- you understand that you are here under a |
| 09:40:02 | 17 | subpoena which is issued by Mr. Gilbert, but it's |
| 09:40:08 | 18 | issued in the name of the Court; you understand |
| 09:40:10 | 19 | that? |
| 09:40:10 | 20 | A.  Correct. |
| 09:40:11 | 21 | ATTY. GILBERT:  Objection. |
| 09:40:13 | 22 | Q.  And the fact that you are uncomfortable |
| 09:40:22 | 23 | usually isn't enough of a reason not to testify in |
| 09:40:24 | 24 | response to a subpoena? |

```
                                                             14
09:40:26    1              ATTY. GILBERT:  Objection.
09:40:28    2         A.   I feel it is a form of harassment.
09:40:38    3         Q.   What I'd like to do is, I'd like to ask you
09:40:43    4    some questions about the time period when you were
09:40:45    5    working at Blockbuster.
09:40:47    6         A.   I'm not going to answer any more of your
09:40:50    7    questions.  I have already stated that I'm
09:40:53    8    uncomfortable, and I feel like you are just trying
09:40:53    9    to continue to ask me questions, and if you want to
09:40:56   10    continue it, I'm telling you I feel like you are
09:40:58   11    harassing me.
09:41:00   12         Q.   At this point then, and on that basis, I
09:41:04   13    will not ask you any further questions, and we will
09:41:10   14    -- and I want to assure you that I respect the
09:41:14   15    position that you are taking, and this will just
09:41:20   16    have to get worked out through the legal system .
09:41:25   17              ATTY. SCHWARZ:  So at this point I don't
09:41:27   18    see any reason to go further, Jim, and I think we
09:41:40   19    are going to have to suspend.
09:41:40   20              ATTY. GILBERT:  On that basis we will
09:41:41   21    suspend pending Plaintiff's filing of the Motion for
09:41:44   22    Protective Order relative to the attendance of Ms.
09:41:50   23    Neybert at this particular deposition and perhaps
09:41:52   24    future fact depositions.
```

```
                                                                    15
09:41:56    1            That being said, we are going to suspend
09:41:59    2    the deposition at this point.  Ms. Sirard, thank you
09:42:02    3    for coming.  We will be in contact with you about
09:42:06    4    the rescheduling of this deposition.
09:42:07    5            I don't have anything further.  Doug, do
09:42:09    6    you have anything?
09:42:10    7            ATTY. SCHWARZ:  No.
            8            (Whereupon, the record was closed at
            9            9:42 a.m.)
           10
           11
           12
           13
           14
           15
           16
           17
           18
           19
           20
           21
           22
           23
           24
```

```
                                                               16

 1                        C E R T I F I C A T E
 2      I, DIANNE C. SIRARD, do hereby certify that I have
 3      read the foregoing transcript of my testimony, and
 4      further certify that said transcript is a true and
 5      accurate record of said testimony (with the
 6      exception of the following corrections listed
 7      below):
 8      Page    Line         Correction/Reason
 9      _____   _____   _____
10      _____   _____   _____
11      _____   _____   _____
12      _____   _____   _____
13      _____   _____   _____
14      _____   _____   _____
15      _____   _____   _____
16      _____   _____   _____
17
18
19         Signed under the pains and penalties of perjury
20      this _____ day of _____, 2006.
21
22                          _____
23                          DIANNE C. SIRARD
24
```

                                                                17

1    Commonwealth of Massachusetts

2    Suffolk, ss.

3        I, Carol A. Pagliaro, Registered Professional

4    Reporter and Notary Public in and for the

5    Commonwealth of Massachusetts, do hereby certify

6    that DIANNE C. SIRARD, the witness whose deposition

7    is hereinbefore set forth, was duly sworn by me and

8    that such deposition is a true record of the

9    testimony given by the witness to the best of my

10   skill and ability.

11       I further certify that I am neither related to,

12   nor employed by, any of the parties in or counsel to

13   this action, nor am I financially interested in the

14   outcome of this action.

15       In witness whereof, I have hereunto set my hand

16   and seal this 1st day of June, 2006.

17

18

19                              _____

20                              Carol A. Pagliaro, RMR

21                              Notary Public

22                              CSR No. 123293

23   My commission expires

24   April 28, 2011