UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHELLE C. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 04-12301-RGS |
| | ) | |
| BLOCKBUSTER, INC., and | ) | |
| JAY WELLS, individually | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**I.   Introduction**

In this motion, plaintiff seeks a protective order to exclude Blockbuster Regional Director of Human Resources Beth Neybert from attendance at the deposition of former Blockbuster District Leader Diane Sirard. Pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure, the Court may issue a protective order "that discovery be conducted with no one present except persons designated by the court." The rule requires that such an order issue on "good cause shown." Fed. R. Civ. P. 26(c).

**II.   Argument**

Rule 615 of the Federal Rules of Evidence establishes the right of any party at trial to request that the court "order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. While Rule 615 clearly provides for sequestration of fact witnesses at trial, the corresponding rule in depositions will generally permit the attendance of

fact witnesses at other fact witness depositions absent a protective order. Fed. R. Civ. P 30(c). In 1993, Rule 30(c) of the Federal Rules of Civil Procedure was amended to make clear that, in the typical case, deposition witnesses are not subject to sequestration. *See* Fed. R. Civ. P. 30(c) *1993 Advisory Committee Notes*. Rule 30(c) provides in relevant part that "examination and cross-examination of witnesses [at oral depositions] may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." Fed. R. Civ. P. 30(c). The exclusion of depositions from the strictures of Rule 615 was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party." Fed. R. Civ. P. 30(c) *1993 Advisory Committee Notes*. Rather, exclusion of other witnesses requires that the court grant a protective order pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure.

Unlike a trial, depositions are generally recognized as closed proceedings not open to the public. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 2207-08(1984)("Moreover, pretrial depositions and interrogatories are not public components of a civil trial."). Nevertheless, courts remain somewhat cautious in limiting the attendance at depositions of parties and other fact witnesses to the litigation. Many of the cases that deny a protective order in such circumstances do so on the basis that the requesting party has failed to provide evidence to support a determination of "good cause shown" other than garden-variety objections based on possible concerns about the impact on future testimony of particular fact witnesses if they are privy to other fact witness' testimony. *See generally*, *In re Terra International, Inc.*, 134 F.3d 302 (5th Cir. 1998); *TuszJiewicz v. Allen Bradley Co., Inc.*, 170 F.R.D. 15 (E.D.Wis. 1996)("broad allegations of harm . . . do not satisfy the Rule 26(c) test."). What sets the instant request apart from the line of cases rejecting the requested relief is that the nonparty witness

herself raises the objection, and the evidence of "good cause shown" was obtained under oath. *Deposition of Diane S. Sirard*, Motion Exhibit B. This is not the "garden-variety" objection offered in other cases. Plaintiff does not seek this exclusion based on conjecture or supposition of how Ms. Neybert's presence *might impact* the testimony of the deponent. Nor does the objection suggest that Ms. Neybert's presence would somehow impact Ms. Neybert's future testimony given that Ms. Neybert's deposition has been conducted already. Rather, the objection is based on statements by the deponent *under oath* that Ms. Neybert's presence *will impact* her deposition testimony. The sworn testimony from the Ms. Sirard is uncontroverted.

The witness states repeatedly that Ms. Neybert's presence intimidates her, both to Mr. Gilbert prior to her deposition and on the record under oath. *Affidavit of James G. Gilbert* ¶15, Motion Exhibit A; *Deposition of Diane S. Sirard*, Motion Exhibit B, pp 7-8. The witness specifically states that her history with Ms. Neybert, including Ms. Neybert's appearance at the witness's unemployment compensation hearing, would have a negative impact on her testimony in this deposition. *Id*. There is no one better suited to make a determination of the impact of the attendance of this nonparty fact witness on the deponent than the deponent herself.

```
          BY ATTY. GILBERT:
09:32:17   9    Q. Do you know Ms. Neybert?
09:32:17  10    A. Yes.
09:32:17  11    Q. Do you have any concerns regarding her
09:32:20  12  presence here today at this deposition?
09:32:21  13    A. Yes. I'm uncomfortable. I think it is next
09:32:25  14  to harassment. I have a past with her that wasn't
09:32:30  15  very enjoyable at an unemployment hearing I went
09:32:31  16  through, that I don't need to have somebody sitting
09:32:34  17  here -- a representative of the company would be
09:32:36  18  fine, but it should be somebody else.
09:32:40  19         If we maybe didn't have a past, it might
09:32:43  20  be different, but it makes me extremely
09:32:46  21  uncomfortable, and I believe it's done to intimidate
09:32:49  22  me.
09:32:50  23    Q. Do you think Ms. Neybert's presence would
```

3

```
09:32:51   24   have an impact on your ability to give testimony?
09:32:59    1     A.  Yes.
09:32:59    2     Q.  How do you think it would impact your
09:32:59    3   ability to give testimony?
09:32:59    4     A.  I think it's an intimidation move.  I think
09:33:04    5   it's here to say we are going to try to make you
09:33:05    6   uncomfortable so you can't think straight, so we can
09:33:08    7   intimidate you, and I have every right to feel how I
09:33:11    8   feel, and that is how I feel about it.
```

BY ATTY. SCHWARZ:
```
09:37:04    4     Q.  Good morning, Ms. Sirard?
09:37:06    5     A.  (Nod.)
0937:06     6     Q.  My name is Doug Schwarz, and I represent the
09:37:11    7   Defendants in this case, Blockbuster is one of them
09:37:16    8   and Jay Wells is the other, and I understand that
09:37:23    9   you have said that you don't want to go forward and
09:37:27   10   testify today.
09:37:37   11          Other than generally speaking, something
09:37:39   12   about an unemployment hearing, what is the specific
09:37:42   13   reason that you are not going to agree to provide
09:37:47   14   testimony today?
09:37:47   15          ATTY. GILBERT:  Objection.
09:37:48   16     A.  I think I already stated that, and I'm not
09:37:50   17   going to repeat myself.  I am uncomfortable, and
09:37:58   18   that is exactly why.  I went through an unemployment
09:37:58   19   hearing.  Beth can fill you in on the whole hearing,
09:37:59   20   because she was involved with it, and any
09:38:02   21   information about the details of the hearing, you
09:38:05   22   can talk to Beth.
```

BY ATTY. SCHWARZ:
```
09:38:49   16     Q.  Other than the hearing itself, did she say
09:38:55   17   anything to you that is causing you concern?
09:38:58   18     A.  We worked together for a while; issues that
09:38:59   19   came up at work that involved -- that were brought
09:39:02   20   up in the hearing were also part of it, and I'm very
09:39:05   21   uncomfortable having this conversation with you.
09:39:10   22     Q.  As you can imagine, I have a number of
09:39:12   23   questions I want to ask you this morning, and I'd
09:39:17   24   like to continue asking them, and are you saying
09:39:21    1   that you will not answer them?
09:39:25    2     A.  I'm saying I'm uncomfortable speaking with
09:39:26    3   her in the room.  If you have another
09:39:27    4   representative, that is fine, but other than that,
09:39:29    5   I'm very uncomfortable.  I think it's harassment.
```

09:39:33    6    If you want to me to keep repeating myself, I will.

As can be clearly seen from the testimony, the deponent, and indeed the plaintiff, do not object to a representative of the defendant corporation's presence at the deposition. The objection is specifically limited to *this* representative, who is not a party to the litigation, and has no independent right to be present at this proceeding.

In *Deluca v. Gateways Inn, Inc.*, 166 F.R.D. 266 (U.S.D.C. Mass. 1996) this Court exercised its discretion to exclude a *named party* from a discovery deposition. In that matter, the deposition of the plaintiff's psychologist proceeded with the exclusion of the named defendant's presence at the deposition because his presence "creates, at a minimum, . . . whether deliberately or not, [the potential] to embarrass and intimidate the plaintiff." Here, the *potential* for intimidation is not at issue. The presence of Ms. Neybert *actually creates an intimidating situation for the nonparty deponent* and she has so stated under oath. Such a situation will undoubtedly have a chilling effect on the ability of the plaintiff to obtain the best testimony from this witness without the interference of the disruptive and unnecessary presence of Ms. Neybert.

What remains unclear to the plaintiff is why Ms. Neybert was present at the deposition at all. Her role thus far has been of a fact witness. Counsel offered no detailed explanation for her presence, and refused to provide any explanation at all for the record. Further, Ms. Neybert is not even a party to the action. The reason for her presence at the deposition, other than as a "representative" remains unknown. What makes the insistence of her presence at this deposition more peculiar is the fact that this is not a situation in which the defendant corporation is without other options. First, the corporation is ably represented by one of the largest law firms in the country. Second, it has at its disposal a plethora of able in-house counsel who can represent the corporation at a deposition. Third, it has a number of local executives, none of whom have any

5

past relationship with this particular deponent, who are more than capable of representing the corporation at this deposition without the creation of an atmosphere of intimidation presented by Ms. Neybert's presence.

It was in Ms. Neybert's deposition last week that Ms. Neybert first learned of certain anticipated testimony that Ms. Sirard was likely to provide in this deposition. It is no coincidence that Ms. Neybert now seeks to be present at Ms. Sirard's deposition. As Ms. Sirard has been particularly clear that Ms. Neybert's presence is disruptive, there seems to be little reason for her attendance other than personal curiosity. Ms. Neybert's personal curiosity as to Ms. Sirard's testimony may be satisfied from her review of the transcript of the deposition at a later date, and certainly does not justify her presence under the circumstances.[1]

Without further explanation, plaintiff must assume that the presence of Ms. Neybert at this deposition was a conscious litigation tactic intended to intimidate the witness. As a litigation tactic, Ms. Sirard's testimony proves that it was indeed successful. Absent a protective order, the defendant corporation will be permitted to employ this intimidation tactic without sanction, and will succeed in its effort to thwart plaintiff's attempts to conduct discovery. To the extent it was an inadvertent tactic; the result remains the same.

The plaintiff is entitled to seek and receive the best testimony available from fact witnesses noticed by her as part of her discovery free from interference from the defendant in that discovery. The Federal Rules of Civil Procedure do not permit conduct by any party that would unreasonably intimidate or annoy a witness at a deposition. Fed. R. Civ. P. 30(d)(4).

---

[1] Ms Neybert would have no more right to sit at the counsel table at trial and assist the attorneys with their case. Any suggestion by the defendants that her role here would be to provide such assistance hardly outweighs the disruptive impact of her presence on the witness's testimony. Further, counsel for the defendants had the ample opportunity to notice Ms. Sirard's deposition in preparation for trial and chose not to. They should not be permitted to cause such disruption at any deposition, let alone one noticed by their opponent in a timely and appropriate manner.

Consequently, it makes little sense to permit a nonparty witness to attend a deposition and interfere with the testimony of the witness by her presence when such conduct is specifically prohibited by the rules. The primary purpose of the deposition is to gather facts, and that purpose should not be set aside lightly. The Rules of Civil Procedure, and basic concepts of justice, require that a witness be permitted to proceed with deposition testimony free from an atmosphere of intimidation. Whether or not such a result was actually intended by the defendants, or is merely a convenient by-product of Ms. Neybert's curious presence, a protective order is the appropriate means by which to prevent such intimidation and insure that the testimony by the deponent is the best she can possibly provide.

### III.     Conclusion

For the reasons set forth above, plaintiff requests that this Court ALLOW plaintiff's *Motion for Protective Order to Limit Attendance at Depositions* and issue a protective order in the form attached to the motion as Exhibit C. Plaintiff further moves for her costs associated with the filing of this motion, including reasonable attorney's fees, and the costs associated with rescheduling the deposition of Ms. Sirard.

MICHELLE C. THOMPSON

By her attorney,

/s/ James G. Gilbert
_____
James G. Gilbert (BBO #552629)
LAW OFFICES OF JAMES G. GILBERT
15 Front Street
Salem, MA 01970
(978) 744-9800

Dated: June 2, 2006

## CERTIFICATE OF SERVICE

    I, James G. Gilbert, counsel for the plaintiff herein, do hereby certify that I have served a copy of the foregoing upon defendants' counsel of record, Jenny K. Cooper, by first class mail, postage pre-paid on the above date.  Service by electronic mail was sent on the same date.

                          /s/ James G. Gilbert
                          _____
                          James G. Gilbert