UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER INC. and JAY WELLS,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-12301-RGS |

**DEFENDANT BLOCKBUSTER INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF BLOCKBUSTER'S CROSS-MOTION FOR PROTECTIVE ORDER**

Defendant, Blockbuster Inc. ("Blockbuster"), hereby opposes Plaintiff's Motion for a Protective Order. Plaintiff's Motion demonstrates her intent to interfere with Blockbuster's ability to prepare its defense, and plaintiff has failed to show good cause warranting exclusion of Blockbuster's corporate representative from the deposition of Diane Sirard. In addition, Blockbuster seeks a Protective Order requiring that the deposition of Diane Sirard occur with Blockbuster's corporate representative present, and that the deposition take place in the courthouse or, alternatively, in Blockbuster's counsel's Boston office.

**Background and Context of the Motion**

At a Monthly Operation Review meeting held at her home in August, 2002, Blockbuster's District Leader Plaintiff Michelle Thompson stated, in the presence of Blockbuster employees under her management, that she was glad one "queer" from the District was gone, and that she hoped to get rid of another queer in the District. These comments were relayed to Blockbuster's Regional Human Resource manager, Beth Neybert, by Blockbuster store Manager Chris Nikola following his sudden and unexpected resignation. After speaking with Mr. Nikola on or about October 9, 2002, Ms. Neybert began an investigation, interviewing Scott Koleros, Phil Volonino, and Diane Sirard, each of whom had also attended the meeting. Ms. Neybert was

the only individual who conducted the investigation for Blockbuster and was the only person present for each conversation with each named employee. After each of these employees confirmed that plaintiff had made the statements, Ms. Neybert concluded her investigation and conferred with plaintiff's manager, Defendant Jay Wells (Mr. Wells is no longer employed by Blockbuster). The two agreed that based on Blockbuster's policy of Zero Tolerance for discrimination or harassment, unless Ms. Thompson gave them information that would change their understanding of the facts or require further investigation, termination was appropriate under the circumstances. Mr. Wells and Ms. Neybert held a meeting with Ms. Thompson on October 14, 2002 where they confronted her with the investigation results; she provided no rebuttal to cause them to question their belief and decision. At the conclusion of the meeting, Ms. Thompson's employment was terminated.

Ms. Thompson was pregnant when her employment was terminated, and she now claims—despite giving testimony that neither Ms. Neybert nor Mr. Wells ever exhibited any bias towards her, or any woman, based on gender or pregnancy—that the articulated reason for her termination is a pretext for pregnancy discrimination.

Blockbuster deposed Ms. Thompson in August, 2005. Ms. Thompson has completed the depositions of Ms. Neybert and Mr. Wells, as well as those of four third party witnesses. Ms. Neybert attended plaintiff's, as well as each third party witness's, deposition as Blockbuster's corporate representative, to help Blockbuster achieve effective cross examination and otherwise assist in Blockbuster's defense of this action.[1]

The deposition of Diane Sirard was scheduled for June 1. As recited in Plaintiff's Motion for Protective Order, as well as in the Affidavit of James Gilbert, the deposition did not go forward that day. Instead, prior to the witness's arrival, plaintiff's counsel raised an objection to Ms. Neybert's presence, indicating that Ms. Neybert appeared to be there to intimidate or harass

---

[1] The depositions of the four non-party witnesses were taken subsequent to the date of Ms. Sirard's scheduled deposition.

the witness. *See* Plaintiff's Motion at ¶ 18. After consulting with Mr. Gilbert, Ms. Sirard appeared in the room for her deposition and stated that she felt uncomfortable with Ms. Neybert's presence, and thought that Ms. Neybert was there to intimidate her. *Id*. at ¶¶ 22-27; Deposition of Diane Sirard, attached as Exhibit B to Plaintiff's Motion ("Sirard Dep."), at 7:13-22; 11:17-22. Ms. Sirard provided no explanation as to why she might feel intimidated, other than to say that Ms. Neybert appeared at Ms. Sirard's hearing on her application for unemployment insurance. Ms. Sirard specifically stated that Ms. Neybert's testimony at the hearing was her sole concern; she stated that Ms. Neybert said nothing to her before or after the hearing itself. *See* Sirard Dep. at 12:4-15. Ms. Sirard stated she would not answer questions, and the deposition was suspended.

## Argument

I.  **Blockbuster Is Entitled To Have Its Knowledgeable Corporate Representative Present, And The Plaintiff Has No Right To Interfere With Blockbuster's Defense Of This Action.**

Plaintiff does not contest Blockbuster's right to have a corporate representative present at Ms. Sirard's deposition, and plaintiff correctly notes that the Court can only issue a protective order excluding Blockbuster's chosen corporate representative upon a showing of good cause. *See Bell vs. Bd. of Educ. of the County Of Fayette*, 225 F.R.D. 186, 196 (D. W.VA., 2004) (good cause contemplates "a *particular and specific demonstration of fact* as distinguished from stereotyped and conclusory statements") (emphasis in original) (internal citation and quotation omitted).

Ms. Neybert has served as Blockbuster's representative at plaintiff's deposition as well as the deposition of each third party witness in this matter. Ms. Neybert is the only individual who has first-hand knowledge of the investigation she conducted and of the discussions she had with the individuals involved, including Ms. Sirard. No other person could possibly provide assistance to Blockbuster's counsel by giving feedback regarding the witness's testimony about events key to plaintiff's suit and about which only Ms. Neybert and the witness have knowledge.

-3-

Ms. Neybert's presence is necessary for effective cross examination of the witness, and to otherwise ensure that Blockbuster is afforded the opportunity to develop its best defense to the plaintiff's charges.[2]

Plaintiff's Motion appears to be made precisely to inhibit Blockbuster's ability to cross examine the witness and to prepare its best defense. Notably, plaintiff's counsel raised an objection to Ms. Neybert's presence at the deposition <u>prior</u> to the witness's arrival. It was only after the witness conferred with plaintiff's counsel that she refused to testify in Ms. Neybert's presence. There is no explanation of how plaintiff's counsel could know, prior to the third-party witness's arrival, that the witness would be so intimidated by Ms. Neybert's presence that she would be unable to testify accurately. It appears that plaintiff is using Ms. Sirard's apparent dislike for Ms. Neybert as an opportunity to make this Motion and hinder Blockbuster's effective examination of the witness.[3]

It is plaintiff who has placed the integrity of Ms. Neybert's investigation squarely at issue in this litigation. Plaintiff cannot use one witness's discomfort as alleged "good cause" to exclude Ms. Neybert from the deposition and to thus interfere with Blockbuster's defense and effective cross examination of the witness.

---

[2] Plaintiff's odd assertions regarding Blockbuster's multitude of options with respect to corporate representatives not only ignores the fact that Ms. Neybert is the <u>only</u> individual with direct knowledge of the investigation, but also misstates facts. There is, in fact, no other individual eligible to serve as a corporate representative in the New England area. Blockbuster's headquarters are in Dallas, Texas, and it has no employee other than Ms. Neybert in this geographical region with any knowledge regarding this case. Even assuming another individual could serve Blockbuster's needs in assisting counsel in developing its defense and cross examination, which is impossible, plaintiff has offered no basis upon which Blockbuster should be compelled to incur the undue burden of flying a representative in from Dallas.

[3] Plaintiff herself suggests an entitlement to use this deposition as her own litigation tool and to dictate its terms. *See* Plaintiff's Memorandum in Support of Motion for Protective Order at 6, n. 1. Ms. Thompson's suggestion seems to be that Blockbuster should not be allowed to disrupt her deposition plan, but if Blockbuster noticed Ms. Sirard's deposition itself, Ms. Neybert's presence would be permissible. Blockbuster would be more than happy to have a second subpoena served and issue its own notice of deposition if the plaintiff would then not object to Ms. Neybert's presence, but such elevation of form over substance would plainly waste resources.

## II. Plaintiff Has Not Demonstrated Good Cause To Exclude Ms. Neybert From The Deposition.

### A. General Allegations Of Harm Are Insufficient To Establish Good Cause.

Ms. Neybert can only be excluded from Ms. Sirard's deposition upon a showing of good cause by the plaintiff. Under Rule 26(c), plaintiff's burden cannot be met by "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Tuszkiewicz v. Allen Bradley Co.*, 170 F.R.D. 15, 16 (E.D. Wisc. 1996). *See also Bell,* 225 F.R.D. at 196 (denying protective order where plaintiff made no specific showing of harm). Here, Ms. Thompson bases her motion solely on the broad and general testimony regarding Ms. Sirard's feelings about Ms. Neybert, which are based solely upon Ms. Neybert's testimony at an unemployment insurance hearing.[4] Ms. Thompson fails to demonstrate why Ms. Sirard's experience with respect to her application for unemployment insurance would render her unable to testify with respect to the subject of this litigation—the August event at Ms. Thompson's home and Ms. Sirard's participation in the investigation by Ms. Neybert that led to Ms. Thompson's termination—in Ms. Neybert's presence.

Ms. Sirard stated that she was uncomfortable with Ms. Neybert's presence because of a "past with her that wasn't very enjoyable at an unemployment hearing," and that she <u>believed</u> Ms. Neybert was present at the deposition in order to intimidate her. *See* Sirard Dep. at 7:14-15, 21-22. Notably, Ms. Sirard did not state that she actually felt intimidated or unable to testify accurately (she simply refused to do so based on her feeling that Blockbuster was making an "intimidation move") nor did she provide any factual basis for her feelings of discomfort. Ms. Sirard's generalized statements that she did not enjoy her unemployment benefits hearing fails to establish good cause to exclude Blockbuster's representative from Ms. Sirard's deposition for at least two reasons.

---

[4] Again, Ms. Sirard was clear that Ms. Neybert said nothing to her before or after Ms. Neybert's testimony. The sole basis for Ms. Sirard's concern was Ms. Neybert's testimony itself. *See* Sirard Dep. at 12:4-15.

First, litigation often involves parties and witnesses who are not on friendly terms with one another. Surely many witnesses feel uncomfortable at their depositions. It is difficult to believe that receiving a subpoena to be deposed in the litigation between an individual and one's former employer would be a pleasant experience for anyone. Therefore, generalized statements about discomfort and the sense that a deposition witness has an animus towards a party's representative, or that a witness has a relationship with a party's representative through the witness's own employment, cannot amount to good cause to exclude that representative from a deposition. If this were the standard, parties and corporate representatives would routinely, rather than rarely, be excluded. *Cf. Jones v. Circle K Stores, Inc.,* 185 F.R.D. 223, (M.D.N.C. 1999) (where plaintiff alleged nothing more than garden variety good cause facts—including alleged potential fact witness collusion and, in the context of an employment dispute, a supervisor who may influence testimony of subordinates—that exist in most civil litigation and alleged that prejudice could result, she did not make a specific showing of harm warranting a protective order).

Second, Ms. Sirard stated that she was uncomfortable because of her own experience at an unemployment insurance hearing. Ms. Sirard's unemployment insurance is unrelated to this litigation, and the plaintiff has made no specific showing, indeed she has made no suggestion, that Ms. Sirard's displeasure with respect to her personal experience at her unemployment hearing could possibly render her unable to testify truthfully and accurately with respect to her role in the investigation of plaintiff's conduct leading to the termination of plaintiff's employment.[5]

### B.     Plaintiff Cites No Legal Authority To Support The Issuance Of A Protective In The Circumstances Of This Case.

Not only does the plaintiff fail to make any specific allegation of harm that would result from Ms. Neybert's presence, she fails to cite any legal authority to suggest that the rare measure

---

[5]  Blockbuster will agree to have Ms. Neybert leave the room should any questioning relating to Ms. Sirard's unemployment hearing occur during the deposition.

of excluding a corporate representative from a deposition is warranted in this circumstance. The only case plaintiff cites, *DeLuca v. Gateways Inn, Inc.*, is readily distinguishable. In *DeLuca*, a sexual harassment case, this Court excluded the named individual defendant from the deposition of plaintiff's psychologist. This Court noted that the plaintiff did not intend to call the psychologist as a witness at trial. The psychologist had submitted all of her records for review by the Court, and the Court found that the records contained "highly sensitive material about the plaintiff's childhood and early adult life." *DeLuca,* 166 F.R.D. 266, 267 (D. Mass. 1996). Here, Ms. Thompson apparently intends to call Ms. Sirard at trial,[6] and no "highly sensitive" personal information is at issue.

Moreover, this Court found in *DeLuca* that it was "inconceivable that the presence of [defendant] at the deposition of a psychotherapist whom plaintiff met with five times . . . whom plaintiff does not intend to call at trial, would in any way be necessary to [defendant's] right to make out his defense." Here, Ms. Neybert's presence at the deposition of an individual whom plaintiff has stated will provide testimony "specifically rebutting testimony provided by Ms. Neybert," *see* Plaintiff's Motion at ¶ 11, is critical to Blockbuster's defense. Finally, in *DeLuca* this Court raised the question of psychotherapist-patient privilege and found that defendant's presence at the psychotherapist's deposition could needlessly invade the sensitive relationship between patient and therapist, as well as embarrass or intimidate the plaintiff. There is no such concern here, and no good cause exists to exclude Ms. Neybert from the deposition.

### III. The Deposition Should Occur In Boston Where The Parties And The Witness Can Access The Court.

Blockbuster requests that, pursuant to F.R.C.P. 26(c)(2), this Court specify not only that Ms. Neybert may be present during Ms. Sirard's deposition, but that the Court also specify the place for the deposition. The first day of the deposition was held at plaintiff's counsel's office in

---

[6] Notably, Ms. Neybert's right to be present as a corporate representative during the trial testimony of Ms. Sirard and all witnesses is clear under F.R.E. 615(2). Surely plaintiff will not contend, if she calls Ms. Sirard at trial, that Ms. Sirard's trial testimony is untrustworthy or inaccurate due to Ms. Neybert's presence.

Salem, Massachusetts. Not only were unnecessary travel expenses borne by Blockbuster's counsel in connection with the plaintiff's objection to Ms. Neybert's presence and the resulting suspension of the deposition, but the parties were unable to quickly access the Court to resolve the situation. Blockbuster respectfully requests that the continued deposition take place in the federal courthouse in Boston.

This location is appropriate in light of the events that occurred during the first day of Ms. Sirard's deposition, and in consideration of the plaintiff's, and apparently the witness's, concern regarding potential intimidation by Blockbuster. In this courthouse, the witness will be assured protection from intimidation and the parties will be able to seek judicial intervention if it becomes necessary. Alternatively, Blockbuster requests that the deposition occur at its counsel's offices in Boston, where the witness and the parties will only be minutes away from the courthouse.

### Conclusion

In light of the foregoing, Blockbuster respectfully requests that the plaintiff's Motion for Protective Order be denied, and that Blockbuster's Cross Motion for a Protective Order be allowed.

Respectfully Submitted,

**BLOCKBUSTER INC.**

By its attorneys,

/s/ Jenny K. Cooper
Douglas T. Schwarz, BBO# 548558
Jenny K. Cooper, BBO# 646860
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated: June 15, 2006

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 15th day of June, 2006, I caused a true copy of the above document to be served electronically on counsel of record registered with the Electronic Case Filing System (ECF).

                                           /s/ Jenny K. Cooper
                                           Jenny K. Cooper